**Johnny Lee DAVIS, Plaintiff,**

*v.*

**JURY COMMISSION OF MONTGOMERY COUNTY, John Matthews as Clerk of the Jury Commission, Judge Richard Emmet, Judge Eugene Carter, Judge Perry O. Hopper, and Sheriff Mac Sim Butler as Members of the Jury Commission of Montgomery County, D. W. Crosland, as District Attorney for the Fifteenth Judicial District, Defendants.**

**Civ. A. No. 2479-N.**

United States District Court
M. D. Alabama, N. D.
Dec. 15, 1966.

Solomon S. Seay, Jr., Gray & Seay, Montgomery, Ala., for plaintiff.

M. Roland Nachman, Jr., Steiner, Crum & Baker, John R. Matthews, Jr., Ball & Ball, and R. S. Hill, Jr., Hill, Robison & Belser, Montgomery, Ala., for defendants.

## ORDER

JOHNSON, Chief Judge.

This cause is now before this Court on the defendants' motion to dismiss filed on November 18, 1966, on the plaintiff's motion to produce certain documents for copying and inspection filed on November 25, 1966, and on a motion for leave to intervene filed on December 1, 1966.

The plaintiff, Johnny Lee Davis, a Negro, seeks an injunction from this Court prohibiting the district attorney of Montgomery County, Alabama, from further prosecuting an action against plaintiff, wherein he is charged with violating Alabama criminal statutes relating to rape. See Title 14, §§ 395 and 396 of the Code of Alabama. Plaintiff also joins as defendants the Jury Commission of Montgomery County, Alabama, and the individual members thereof, and as to these defendants seeks a declaratory judgment to the effect that, among other things, qualified Negroes are systematically excluded from the jury box and jury roll in Montgomery County, and, further, that the jury box and jury roll in Montgomery County do

not contain a representative cross-section of the community. See Scott v. Walker, 358 F.2d 561 (5th Cir. 1966); Brooks v. Beto, 366 F.2d 1 (5th Cir. 1966), and Labat and Poret v. Bennett, 365 F.2d 698 (5th Cir., August 15, 1966). The motion for leave to intervene is filed by certain Negro citizens in their own behalf and on behalf of all others similarly situated. The relief sought in the proposed complaint in intervention is substantially the same as the declaratory relief sought by the plaintiff.

A. Defendants' motion to dismiss.

Upon consideration of the pleadings and the briefs of counsel, this Court is of the opinion that the defendants' motion to dismiss should be granted. As the uncontroverted affidavits now on file with this Court recite, the criminal prosecution against Davis was begun on August 7, 1966, and on August 24, 1966, Davis appeared in person and through the same attorney who now represents him in this court, and entered pleas of "not guilty" in proceedings before the committing magistrate. He was then turned over to the sheriff of Montgomery County, Alabama, to await action by the Montgomery County grand jury. On October 24, 1966, the Clerk of the Circuit Court of Montgomery County, Alabama, received the complaints against Davis, docketed the matter for presentment to the grand jury on November 7, 1966, and issued subpoenas to various witnesses to appear before the grand jury concerning the criminal case then pending against Davis. All of these proceedings had taken place well in advance of the filing of the complaint with this court, which was on November 5, 1966. Based on these facts, which were not before this Court when it entered its previous order

of November 10, 1966, this Court can conceive of no justification to support the exercise of its jurisdiction to enjoin further criminal prosecution of this plaintiff in the courts of the State of Alabama in order that he might pursue his contentions relating to the constitutionality of the composition of the Montgomery County jury box and venire in this federal court. The case of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, relied on by the plaintiff, does not require a different result. The facts and circumstances in that case render it completely distinguishable and therefore inapposite. Clearly the normal and appropriate method of raising the primary issue Davis seeks to raise in this court is in the criminal prosecution presently pending in the Alabama Circuit Court.[1] Certainly, a proper respect for the federal system requires this result. The fundamental principles of comity which govern our federal system, as exemplified by § 2283, Title 28, United States Code,[2] have traditionally prompted denial of federal injunctive relief affecting state prosecutions in such instances as now presented. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138. A clear and forceful articulation of these principles was made by the Supreme Court in Stefanelli v. Minard, supra:

> The consequences of exercising the equitable power here invoked are not the concern of a merely doctrinaire alertness to protect the proper sphere of the States in enforcing their criminal law. If we were to sanction this intervention, we would expose every State criminal prosecution to insupportable disruption. Every question of procedural due process of law—

1. As a matter of fact, Davis, by timely motion to quash the indictment, has raised the same issues in the Circuit Court of Montgomery County, Alabama, that he seeks to raise in this proceeding.

2. § 2283. "A court of the United States may not grant an injunction to stay pro-

ceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

with its far-flung and undefined range—would invite a flanking movement against the system of State courts by resort to the federal forum, with review if need be to this Court, to determine the issue. Asserted unconstitutionality in the impaneling and selection of the grand and petit juries, in the failure to appoint counsel, in the admission of a confession, in the creation of an unfair trial atmosphere, in the misconduct of the trial court— all would provide ready opportunities, which conscientious counsel might be bound to employ, to subvert the orderly, effective prosecution of local crime in local courts. To suggest these difficulties is to recognize their solution. 342 U.S. at 124, 72 S.Ct. at 121.

B. The motion to intervene.

 There can be no question that the motion to intervene filed by certain Negro citizens on their own behalf and on behalf of all others similarly situated, if filed as an original complaint, would present a justiciable controversy which would require adjudication by this Court. See White v. Crook, 251 F.Supp. 401, 407 (M.D.Ala.1966), and the several cases therein cited. However, it is well settled that an intervenor cannot create jurisdiction if it does not exist or is not otherwise proper as between the original parties. Fuller v. Volk, 351 F.2d 323 (2d Cir. 1965) (citing numerous cases); Barron & Holtzoff, Federal Practice and Procedure (Wright Ed.), § 593. Thus, the applicants for intervention cannot intervene in this action because, by virtue of this Court's dismissal of plaintiff's lawsuit, there is no justiciable action pending in which to intervene.

In accordance with the foregoing, it is the order, judgment and decree of this Court that the defendants' motion to dismiss this cause, filed herein on November 18, 1966, be and the same is hereby granted.

It is further ordered that plaintiff's motion to produce certain documents, filed herein on November 25, 1966, be and the same is hereby denied.

It is further ordered that the motion to intervene filed herein on December 1, 1966, by certain Negro citizens in their own behalf and on behalf of all others similarly situated, be and the same is hereby denied.

It is further ordered that the costs in this cause be and they are hereby taxed against the plaintiff, Johnny Lee Davis, for which execution may issue.