Alfred WRIGHT et al., Plaintiffs,

v.

The CITY OF MONTGOMERY, ALA-
BAMA, D. Eugene Loe and Bishop Bar-
ron, as Judges of the Municipal Court
of the City of Montgomery, Alabama,
and Matthis W. Piel, as City Prosecutor
for the City of Montgomery, Alabama,
Defendants.

Civ. A. No. 2489–N.

United States District Court
M. D. Alabama, N. D.

March 28, 1968.

Charles S. Conley, Montgomery, Ala., Ben E. Smith, New Orleans, La., Morton Stavis, Newark, N. J., Alvin J. Bronstein, Jackson, Miss., and William M. Kunstler and Arthur Kinoy, New York City, for plaintiff.

Ira DeMent, Montgomery, Ala., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHNSON, Chief Judge.

This is an extension of the proceedings with which this Court dealt in Forman v. City of Montgomery, 245 F.Supp. 17 (M.D.Ala.1965). Those proceedings sought removal, pursuant to 28 U.S.C.A. § 1443, of the criminal prosecutions of the various plaintiffs now before this Court. This Court ordered those cases remanded to the Alabama state courts on August 3, 1965, 245 F.Supp. 17. This order was affirmed on appeal to the United States Court of Appeals for the Fifth Circuit, 355 F.2d 930 (1966), and the Supreme Court of the United States denied certiorari on June 20, 1966, 384 U.S. 1009, 86 S.Ct. 1983, 16 L.Ed.2d 1022. Even though the parties and the conduct involved are identical, the plaintiffs are now proceeding on a new theory, that is, the facial unconstitutionality of Chapter 20, Sections 18, 36 and 59 of the Montgomery City Code of 1952.[1]

---

1. At the time proceedings were commenced between these parties the ordinances under attack were contained in or reported in the Montgomery City Code of 1952. Since that time the Montgomery City Code of 1964 has been adopted. All the ordinances are now collected in Chapter 24 of the 1964 Code. All ordinances have been carried forward verbatim as they appeared in the earlier Code into the present Code. The disorderly conduct ordinance, reported as Chapter 20, Section 18 of the 1952 Code, was never formally adopted into that Code but was

The case now before this Court was commenced on November 8, 1966; it prays for declaratory and injunctive relief concerning prosecutions of the plaintiffs under Sections 18, 36 and 59, Chapter 20, Montgomery City Code. This Court entered an order on November 9, 1966, denying the prayer for a temporary injunction restraining the defendants from proceeding with the actions still pending against the plaintiffs in the Municipal Court of the City of Montgomery. This order was appealed to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C.A. § 1292(a) (1). The order of this Court was vacated and the matter was remanded for further hearing as to the issues not foreclosed by Forman v. City of Montgomery, supra.

Following the pretrial hearing in this cause on February 1, 1967, and upon consideration of briefs directed to the purpose of defining the issues, the following positions appear. Plaintiffs contend that no issue now presented was foreclosed by the remand order in *Forman*. The first and second claims of their complaint—the ones before the United States Court of Appeals for the Fifth Circuit when it remanded this case—set up the unconstitutionality, facially and as applied, of Sections 18, 36 and 59 of Chapter 20, Montgomery City Code. The third and fourth claims—added by amendment after remand—allege that the arrests were for an unlawful purpose, i. e., to deter, hinder or prevent the plaintiffs from exercising their fundamental rights, and that allowing prosecution of plaintiffs for the violation of these statutes will result in the deprivation of their right to counsel as guaranteed by the Sixth Amendment to the Constitution of the United States. De-

fendants contend that the doctrine of *res judicata* is applicable and forecloses all issues. Defendants plead that the statutes, as construed by the state courts, are not unconstitutional, that they were properly and nondiscriminatorily applied, and that plaintiffs are not being deprived of their right to counsel because the nature of the offenses charged does not require the appointment of counsel.

■■ This action being in the same court, involving identical parties, arising from the same transactions, being presented by the same attorneys, and involving a substantial overlap of issues with those in Forman v. City of Montgomery, supra, this Court takes judicial knowledge of all proceedings, evidence, briefs, records, and findings and conclusions in that case. This Court finds that any claims based on the denial of equal protection of the laws, or the denial of any right secured by a law providing for the equal civil rights of citizens of the United States, are foreclosed by specific findings and conclusions in *Forman*. This Court thus finds that the plaintiffs' claims that the statutes are unconstitutional in their application, that the arrests of plaintiffs were for the purpose of deterring the exercise of a constitutionally protected right, and that the arrests were selective and discriminatory, are foreclosed by the findings and conclusions in the reported opinion in *Forman*. Finn v. American Fire and Casualty Co., 207 F.2d 113 (5th Cir. 1953) ; cert. denied 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069; In re Dunn, 251 F.Supp. 637 (M.D. Ga.1966) ; Holmes v. United States, 231 F.Supp. 971 (N.D.Ga.1964), affd. 353 F.2d 785.

■ This Court further finds that the plaintiffs' fourth claim regarding

derived from Section 1 of Montgomery Ordinance No. 11–60. It is now officially codified as Section 24–21 of the 1964 Code. The loitering ordinance, Chapter 20, Section 36 of the 1952 Code, has been recodified as Section 24–41 of the 1964 Code. The "obedience to orders" ordinance, reported as Chapter 20, Sec-

tion 59 of the 1952 Code, was derived from Ordinance No. 49–60, Section 1, as amended by Ordinance No. 31–61, Section 1. It is now codified as Section 24–49 of the 1964 Code. The ordinances will be referred to in this opinion by their designations in the 1952 Code of the City of Montgomery.

denial of counsel in prosecutions under these statutes is not properly before the Court at this time. This claim does not grow out of the same transaction or series of transactions which gave rise to the arrests of these plaintiffs and prior proceedings in this case. Nor was this issue before the United States Court of Appeals for the Fifth Circuit when it remanded this case. The order of remand does not authorize this Court to adjudicate every denial of due process in related state court proceedings. The proper avenue to raise this type of question remains the state courts. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Davis v. Jury Commission of Montgomery County, 261 F.Supp. 591 (M.D.Ala.1966). Accordingly, the only issues now presented are:

> (1) Whether Sections 18, 36 and 59, Chapter 20, Montgomery City Code, are unconstitutional on their face in that they (a) are so vague and lacking in standards as to compel men of ordinary intelligence to guess at their meaning, and/or (b) are so broad in their sweep as to have a chilling and deterring effect on the exercise of First Amendment rights;

> (2) Whether this is a proper case for the exercise of federal equity jurisdiction and the granting of an injunction enjoining the prosecution of these plaintiffs under the said statutes, and further enjoining the defendants from the enforcement of or prosecution under the said statutes generally.

To the extent that this is a proceeding seeking to enjoin a pending criminal prosecution on the theory of facial unconstitutionality of statutes under which plaintiffs are being prosecuted, it raises no novel questions.[2] However, this case is novel in that here there has been a previous judicial determination that the conduct for which the plaintiffs are being prosecuted is not constitutionally protected.

■ Whether it is called a discretionary exercise of a court's traditional equitable discretion or abstention, the same principles are involved in a determination not to grant injunctive relief against a pending prosecution. The Supreme Court of the United States in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), in discussing the question of the propriety of abstention from enjoining threatened prosecution stated:

> "[A]bstention serves no legitimate purpose where a statute regulating speech is properly attacked on its face, and where, as here, the conduct charged in the indictments is not within the reach of an acceptable limiting construction readily to be anticipated as a result of a single criminal prosecution and is not the sort of 'hard-core' conduct that would obviously be prohibited under any construction."

Thus, the Supreme Court is saying that abstention is correct if it is found that an adequate limiting construction may be reached in criminal prosecutions.[3] That aspect of the Supreme Court's statement does not apply to this case. However, the Supreme Court further said that abstention is correct if it is found that the conduct engaged in which led to the prosecution is " 'hard-core' conduct that would obviously be prohibited under any construction [of the ordinances]." This at first appears inconsistent with the principle announced earlier in the decision, 380 U.S. at 486, 85 S.Ct. at 1120:

> "[W]e have consistently allowed attacks on overly broad statutes with no

<hr>

2. The questions raised, however, have not been settled by the Supreme Court. See, for example, Cameron v. Johnson, 262 F.Supp. 873 (S.D.Miss.1966). This case has now been argued on its second appeal to the Supreme Court of the United States. For a discussion of the conflicts in the federal authorities that have considered these problems, see Note, Developments in the Law—Injunctions, 78 Harv.L.Rev. 994, 1051 (1965). See also Studebaker Corp. v. Gitlin, 360 F.2d 692, 697 (2nd Cir. 1966).

3. Harrison v. NAACP, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959).

requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity. Thornhill v. State of Alabama, 310 U.S. 88, 97–98, 60 S.Ct. 736, 84 L.Ed. 1093; NAACP v. Button, supra [371 U.S. 415], at 432–433, 83 S.Ct. 328, 9 L.Ed.2d 405; * * *"

 It should be noted that this rule has been fashioned by the Supreme Court for the protection of First Amendment rights. The language of the cases allowing this modified rule of standing deals with the danger of allowing a statute to stand which will tend to stifle "discussion," or "the dissemination of ideas." The use of the term "discussion" rather than the broader term "speech" is meaningful. It suggests that the Court was looking to the distinction discussed in Cox v. State of Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965), between pure speech and conduct. The term " 'hard-core' conduct" is apparently used for the first time. Certain things are clear about the "hard-core" language. For instance, it applies only in cases where the attack is for vagueness rather than overbreadth. See, for example, Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), where the "hard-core" problem is not presented since the parties were all in agreement that the statute in suit was unambiguous; the only questions being presented were whether the state could regulate at all in the area, and, if it could regulate, whether the method chosen was so broad as to offend the First Amendment. The "hard-core" problem arises in a case such as Cox v. State of Louisiana—or Wright v. City of Montgomery—where the form of speech is not pure

speech but is rather conduct calculated to express a grievance. In such cases, the conduct chosen must not be such as to contravene a policy of the state which the state has a right to regulate and which is not applied for the purpose of discouraging protected activities. There is no question that the state has the authority to regulate concerning the reasonable use of its streets, highways and sidewalks.[4] If a method which is too broad is chosen, the statute becomes susceptible to attack. Such attack may be made even though the person making it does not show that his conduct could not be regulated. Standing in such cases has been predicated on the concept that the conduct of the person making the attack is not "clearly" covered by the statute.[5] In a case such as the one now before this Court where, even though the statutes may have impermissibly broad fringes, the conduct of the actors is clearly "hard-core" and this fact has previously been judicially determined, abstention would appear to be correct, at least for the injunctive aspect of the case. A person whose conduct is "hard-core" within the meaning of a statute cannot successfully avail himself of a "vagueness" defense. See Dombrowski, supra, Note 5, 380 U.S. at 490–91, 85 S.Ct. at 1116; United States v. Woodward, 376 F.2d 136 (7th Cir. 1967); United States v. Jones, 365 F.2d 675 (2nd Cir. 1966).[6] With respect to abstention in such cases, the "void-for-vagueness" doctrine can be divided into at least two classes of cases: (1) the traditional "fair notice" type, and (2) those in which the vagueness attack is in reality a disguised First Amendment approach.

4. Shuttlesworth v. City of Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 76 (1965); Cox v. State of Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965); Poulos v. State of New Hampshire, 345 U.S. 395, 73 S.Ct. 760, 97 L.Ed. 1105 (1953); Cox v. State of New Hampshire, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed.2d 1049 (1941); Cantwell v. State of Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); Schneider v. State of New Jersey, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155 (1939).

5. City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

6. See also, Federal Question Abstention: Justice Frankfurter's Doctrine in an Activist Era, 80 Harv.L.Rev. 604 (1967).

In the case now presented, it has previously been determined that the activities did not amount to protected speech. *Forman,* supra, 245 F.Supp. at 24. The only possible attack is the "fair notice" type. In such cases, the standing requirement is different. As stated by the Supreme Court in *Dombrowski,* all that is required is that the plaintiff's activities not be the sort of "hard-core" conduct that would obviously be prohibited under any construction. Thus, technically, such a plaintiff might be said to lack standing to raise the substantive constitutional issues for the reason that his activities might not as a matter of law be constitutionally protected. If it is assumed that the "hard-core" language of *Dombrowski* refers to different considerations from the problem of "standing to raise overbreadth," it becomes necessary to define the differences in the attacks for "vagueness" and "overbreadth." A statement of these differences is found in Zwickler v. Koota, supra. In general, "overbreadth" attacks are allowed for the exercise of a particular right of "pure" speech as distinguished from conduct. See Cox v. State of Louisiana, supra. This right is the guaranteed freedom to express ideas through the spoken or written word as distinguished from activity in support of a principle espoused by the group. Also, in general, the "vagueness" attack is designed to protect the "symbolic speech" or conduct designed to dramatize a grievance. Thus, the only attack available to the plaintiffs in the case now before this Court, based on an analysis of the "rights" they were exercising and for which they are now being prosecuted, is the "vagueness" attack which may be lost if conduct is clearly unprotected.

Since plaintiffs continue to argue in their brief that their conduct was not "hard-core," and since they concede that if their conduct was "hard-core" no relief would be available, the finding of this Court in *Forman,* supra, as to the conduct of the plaintiffs is pertinent:

"It is clearly demonstrated from the evidence taken upon this submission that the officials of the City of Montgomery and the State of Alabama, by arresting and prosecuting the petitioners in these cases, were not acting under pretense of preserving segregation and were not acting under any pretense for the purpose of harassing and punishing citizens for the exercise of their constitutional rights or federally-protected statutory rights. To the contrary, these governmental officials were discharging their duty and responsibility to keep the streets and sidewalks open and reasonably available for normal use. They were confronted by a group of civil rights demonstrators who were insisting upon blocking vehicular traffic on the streets and pedestrian traffic on the sidewalks, and, when so confronted, they acted in a reasonable manner in carrying out their governmental responsibilities.

\* \* \* \* \* \*

"When arrested, the petitioners were engaged in an illegal conduct that had, under the circumstances leading up to and surrounding their actual arrests, reached the point of being of an aggravated nature.

\* \* \* \* \* \*

"[T]he conduct of the petitioners was illegal."

Thus, this Court must conclude that since plaintiffs' conduct for which they are now being prosecuted in the Municipal Court of the City of Montgomery, Alabama, was "clearly unprotected," and was "hard core," and since this fact has previously been judicially determined, the plaintiffs are entitled to no relief, either injunctive or declaratory. If any of the plaintiffs' activities have been "chilled" by the ordinances in question, these are the types of unlawful activities that society, through its duly constituted authorities, has a right to "chill." A recent case has acknowledged that the only activities which are "chilled" by the enforcement of statutes such as the ones presently before this Court are those activities which should

be discouraged anyway. In Barber v. Kinsella, 277 F.Supp. 72 (D.Conn.1967), a three-judge court in considering the constitutionality of the Connecticut "riot" and "breach of the peace" statutes, as well as two related city ordinances, which were attacked as being unconstitutional on their face and in their application, stated in answer to the plaintiffs' argument that the statutes have a "chilling effect" on the exercise of First Amendment rights:

> "Of course, any arrest and prosecution of demonstrators will have some chilling effect on the willingness of those arrested and others to engage in unruly demonstrations, but if the prosecutions are undertaken in good faith and on probable cause and not for the purpose of discouraging legitimate demonstrations, interference by the federal courts with the state criminal process is not required or permitted. In *Dombrowski*, as in cases following it, the state prosecution was a sham availed of for the purpose of stifling protest. We find no such purpose here."

As previously judicially determined by this Court, the prosecutions of these plaintiffs by the authorities of the City of Montgomery, Alabama, were for conduct that was illegal. As stated earlier in the *Forman* case:

> "There is no constitutional or statutory right, as this Court understands the law, that prohibits arrests and prosecutions for conduct such as these petitioners were engaged in prior to and at the time they were arrested. * * * There is no immunity conferred by our Constitution and laws of the United States to those individuals who insist upon practicing civil disobedience under the guise of demonstrating or protesting for 'civil rights.' The philosophy that a person may—if his cause is labeled 'civil rights' or 'states rights'—determine for himself what laws and court decisions are morally right or wrong and either obey or refuse to obey them according to his own determination, is a philosophy that is foreign to our 'rule-of-law' theory of government. Those who resort to civil disobedience such as the petitioners were engaged in prior to and at the time they were arrested cannot and should not escape arrest and prosecution. Civil disobedience by 'civil rights workers' in the form of 'going limp' and lying or marching in the streets or upon the sidewalks, or marching around the city hall while night court was in session, singing 'freedom' songs or taking to the streets to do their parading and picketing in lieu of using the sidewalks, while failing to make any application to city authorities for a parade permit, is still a violation of the law and subjects the violators to being prosecuted in the courts of the cities and states where such occurs."

In summary, what is now held is that since plaintiffs were engaged in the type of unlawful conduct that good-faith enforcement of penal ordinances and statutes is designed to "chill," they cannot now complain as to the "chilling effect" of such ordinances and statutes and the enforcement thereof. Deterrence of that which society has a right to prevent has always been, and I trust always will be, recognized as a legitimate function of city, state and federal penal statutes.

The arrests and prosecutions of these plaintiffs in the Municipal Court of the City of Montgomery, Alabama, were not selective and discriminatory, in violation of their rights as guaranteed by the Constitution of the United States. Therefore, plaintiffs' request for a judgment declaring unconstitutional their prosecutions and the city ordinances under which they are being prosecuted and seeking an injunction of this Court against said prosecutions in the Municipal Court of the City of Montgomery, Alabama, is ordered to be and is hereby denied.

It is further ordered that the costs incurred in this proceeding be and they are hereby taxed against the plaintiffs, for which execution may issue.