Percy E. JOHNSON, Petitioner,

v.

STATE OF ALABAMA, Respondent.

Cr. No. 12067.

United States District Court
M. D. Alabama, N. D.

July 8, 1968.

---

Solomon S. Seay, Jr., of Gray, Seay, Langford & Pryor, Montgomery, Ala., for petitioner.

MacDonald Gallion, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., and Arthur E. Gamble, Dist. Atty., Second Judicial Circuit of Alabama, Greenville, Ala., for respondent.

## ORDER

JOHNSON, Chief Judge.

Percy E. Johnson was indicted by a grand jury in and for Lowndes County, Alabama, for the offense of violating the Alabama law relating to the possession

of marijuana.[1] While the prosecution was pending and before the case came on for trial in the state court, petitioner filed in this court his application for removal pursuant to Title 28, § 1443, United States Code.[2] Petitioner, in his application for removal, contends that he cannot enforce in the Circuit Court of Lowndes County, Alabama, rights guaranteed under the federal Constitution and statutes providing for the equal rights of citizens. In support of this contention, petitioner alleges the exclusion of Negroes from the Lowndes County Circuit Court jury rolls solely by reason of race or color. He further alleges that his arrest, indictment and prosecution are being carried out for the sole purpose and effect of harassing him and summarily punishing him for, and deterring him from, the exercise of his constitutionally protected right of free speech, right to vote, and right to hold and enjoy property to the same extent enjoyed by white citizens. Petitioner seeks an injunction and a declaratory judgment.

The State of Alabama moved to remand the case, and by formal order this matter was set for oral hearing before this court to afford the petitioner an opportunity to present his evidence to sustain his contentions. The case was heard and the matter is now submitted upon the pleadings, the oral testimony of several witnesses, and the exhibits thereto.

Clearly § 1443, subsection (2) is not applicable to the injunctive feature of this case. The law is clear that removal to a federal forum from a state or city forum under the facts and circumstances as disclosed from the evidence in this case is not available. People of State of New York v. Galamison, 342 F.2d 255, 8 A.L.R.3d 263 (2d Cir.), cert. denied, 380 U.S. 977, 85 S.Ct. 1342, 14 L.Ed.2d 272; Peacock v. City of Greenwood, 347 F.2d 679 (1965). These cases are clear to the effect that when subsection (2) of § 1443 speaks of "color of authority derived from any law providing for equal rights," it refers to a situation where the beneficiary of that portion of the statute should be allowed to do something and not merely to a situation where he may have a valid defense in the prosecution for the commission of a criminal offense. Thus, this subsection applies to officers and those assisting them or otherwise acting in an official or quasi-official capacity. See also Johnson v. City of Montgomery, 245 F.Supp. 25 (M.D. Ala. Aug., 1965); Cochran v. City of Eufaula, Alabama, 251 F.Supp. 981 (M.D. Ala. 1966).

In order for the petitioner to sustain his allegation under § 1443, subsection (1), he must prove that his arrest and prosecution have been and are being carried out for the sole purpose and effect of promoting and bringing about racial discrimination. The precise issue which the court must focus on has been formulated as follows:

"[I]t is our view, that not every violation of the equal protection clause will justify removal, but only those violations involving discrimination based on race. * * * Appellants also allege deprivation of rights under the due process clause of the Fourteenth Amendment and under the First Amendment as incorporated therein. We hold, however, that the due process clause is not a law providing for *equal*

1. Title 22, § 256, Code of Alabama, 1940, Recompiled 1958.

2. Section 1443 provides as follows:
"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

rights within the contemplation of the removal statute. (Emphasis in original.)

\*    \*    \*    \*    \*    \*

"The removal statute contemplates those cases that go beyond a mere claim of due process violation; *they must focus on racial discrimination in the context of denial of equal protection of the laws.*" (Emphasis added.)

Peacock v. City of Greenwood, supra, 347 F.2d at 682. See also City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

The petitioner is not challenging the constitutionality of the Alabama marijuana statute, neither does he offer evidence to the effect that the prosecution is groundless or without probable cause. As stated, the petitioner seeks in the alternative preliminary and permanent injunctions restraining and enjoining the State of Alabama from further prosecuting him for the reason that Negroes are systematically and summarily excluded from the jury rolls and venires of Lowndes County. The evidence in this case and the records of this court reflect that this court in White v. Crook, D.C., 251 F.Supp. 401—a class action by male and female Negro residents of Lowndes County, Alabama, against the members of the Lowndes County Jury Commission —determined that there had been a systematic exclusion of Negroes from the jury rolls and jury box in Lowndes County, Alabama; upon this determination, a mandatory injunction was issued requiring the jury commissioners to empty the jury box and compile a roll and refill the box in strict accordance with the Alabama law and the controlling federal constitutional principles. The evidence in this case further reflects that the jury commissioners complied with the order and injunction of this court in the White v. Crook case.

Petitioner attempts to focus his case upon the exclusion of Negroes from the jury venire because of illiteracy and contends that this constitutes a denial to a Negro criminal defendant of rights guaranteed to him under the Code of Alabama, 1940, Title 30, § 21, and the Fourteenth Amendment to the Constitution of the United States. Petitioner's evidence reflects that the Lowndes County Circuit Court—the court in which this prosecution is pending—as a matter of practice, disqualifies all prospective jurors who are illiterate. The evidence does not reflect that the practice of the Circuit Court in disqualifying illiterate jurors is restricted to illiterate Negro jurors. To the contrary, the evidence in this case reflects that the practice is to disqualify all illiterate jurors regardless of their race. The Alabama law empowers the court to excuse any person who appears to be unfit for serving on the jury, Title 30, § 21, Code of Alabama, 1940. This court does not find that such a practice on the part of the Circuit Court of Lowndes County, Alabama, deprives this petitioner or any other defendant who might be prosecuted in the Circuit Court of Lowndes County— whether he be white or black—of any federally-guaranteed constitutional rights. Petitioner's argument that the law requires that the jury venire of the area in which it is drawn include a cross section of the social, political, economic, religious, and racial groups within the jurisdiction of the court is not applicable. The cases of Strauder v. State of West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1879); Hernandez v. State of Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866, and Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, relied upon strenuously by the petitioner in this case, merely pronounce basic constitutional principles. These principles do not entitle Percy Johnson to any relief in the way of an injunction in this court. The fact that the Congress of the United States in the Voting Rights Act of 1965 [3] bestowed upon the illiterate the right to vote does not mean that a court in these United States—whether it be a

---

3. 42 U.S.C. § 1973 (Supp. I, 1965).

state court or federal court—cannot if there is no racial discrimination involved exclude all prospective jurors, both white and Negro, on the basis that they are illiterate. It is significant to note that the Congress of the United States, by enactment of the Jury Selection and Service Act of 1968, Public Law 90–274, 82 Stat. 53, provided that persons to be qualified for jury service in federal court must be able to read, write, understand and speak the English language. This court does not understand that in a criminal prosecution in the courts of the State of Alabama a defendant has a constitutional right not to have illiterate jurors excused or disqualified by the trial judge because of their illiteracy.

■ This court now concludes that there is no basis for finding and declaring that Percy Johnson cannot obtain a fair trial in the Circuit Court of Lowndes County, Alabama, upon the charge for which he is presently indicted, i. e., the possession of marijuana. Furthermore, there is no evidence in this case that will support the issuance of an injunction in the face of Title 28, § 2283:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

As a matter of fact, there does not appear to be anything in this case that will justify this court's not following the mandate of Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (April 22, 1968):

"Federal interference with a State's goodfaith administration of its criminal laws 'is peculiarly inconsistent with our federal framework' and a showing of 'special circumstances' beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy of an injunction. * * *" Citing Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

The petitioner and his counsel, who seek to have this federal court interfere with the state criminal prosecution now pending against petitioner for the possession of marijuana upon the extremely weak showing that has been made in this case, need to be reminded of this court's philosophy as declared in Wright v. City of Montgomery, Alabama, 282 F.Supp. 291 (M.D.Ala.1968), to the effect that:

"Deterrence of that which society has a right to prevent has always been, and I trust always will be, recognized as a legitimate function of city, state and federal penal statutes."

In accordance with the foregoing, it is the order, judgment and decree of this court that petitioner's application for removal of the criminal prosecution pending against him in the Circuit Court of Lowndes County, Alabama, to this United States District Court and petitioner's application for an injunction, wherein he seeks to have this Court enjoin the criminal prosecution of the Circuit Court of Lowndes County, Alabama, be and each is hereby denied.

It is further ordered that petitioner's application for a declaratory judgment that the criminal prosecution now pending against him in the Circuit Court of Lowndes County, Alabama, has as its purpose and effect the deprivation of his federally-guaranteed constitutional rights, be and the same is hereby denied.

It is further ordered that this cause be and the same is hereby remanded to the Circuit Court of Lowndes County, Alabama.

It is further ordered that the costs of this proceeding be and they are hereby taxed against petitioner.