507 So.2d 1015 (1986)
John Ellis KNIGHTEN
v.
STATE.
6 Div. 694.
Court of Criminal Appeals of Alabama.
November 25, 1986.
Rehearing Denied February 10, 1987.
Certiorari Denied May 29, 1987.
Richard E. Sandefer of Sandefer & Francis, Pinson, for appellant.
Charles A. Graddick, Atty. Gen., and J. Anthony McLain and James F. Hampton, Sp. Asst. Attys. Gen., for appellee.
Alabama Supreme Court 86-702.
*1016 LEIGH M. CLARK, Retired Circuit Judge.
A jury found this appellant guilty of murder as charged in a count of an indictment that alleged in pertinent part that defendant "did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said John Ellis Knighten, and did thereby cause the death of Suzette Lynn Hartley, by driving an automobile into another automobile occupied by the said Suzette Lynn Hartley, in violation of Section 13A-6-2 of the Code of Alabama." The trial court sentenced him to imprisonment for life. There was ample evidence introduced by the State to the effect that the alleged victim was killed in a collision between an automobile driven by defendant and an automobile in which the victim was riding on a public highway in Blount County on April 14, 1984. The defendant took the stand. We now quote from brief of counsel for appellant a summary of the defendant's testimony, as to which there is no disagreement by counsel for appellee:

"JOHN ELLIS KNIGHTEN, called to testify, testified that he lives in Allgood, is 44 years old and had, on April 14, 1984, drunk two or three beers between 10:00 and 12:00, at which time he lay down on the couch and went to sleep. He testified that he slept until around 4:30 p.m. and got up and ate. He testified that when he came around the curve just south of Allgood, he saw a string of cars meeting him, and one of the cars was in his lane, like they were passing. He stated that as the cars drew nearer, he eased on his brakes and went off the right hand side of the road. He testified that the car started sliding, that he left the pavement completely and turned the car to the left, pulled back upon the pavement, at which time the rear of the car started sliding to the left and he cut it back to the right and left the pavement again. He testified that, at this time, the car shifted real hard, throwing him toward the passenger's side of the car. He testified that he didn't remember anything else except waking up sitting in the car. Mr. Knighten further testified that he did not remember who took him out of the car, that he only remembered parts of riding in the ambulance, that he did not remember talking with Trooper Bell. He further stated that he did not remember being in University Hospital on the night of April 14, 1984, he did not remember seeing an Officer Bell there, nor giving him consent to take his blood. He did not remember being read his Miranda rights by Officer Bell. He never authorized Officer Bell to conduct a search of his person and a seizure of his blood."
We now discuss the issues raised by appellant in the order they are presented in brief of counsel for appellant.

I.
The following is the caption of the first issue presented by appellant:
"That the Court erred in not granting the written Motion for Judgment of Acquittal filed by Mr. Knighten, the Appellant's renewed Motion for Judgment of Acquittal made at the time the Appellant rested his case and at other times during the course of the trial and Mr. Knighten's Motion for the general affirmative charge to murder."
Counsel for appellant makes a commendably strong argument in favor of appellant by showing that some, and perhaps most, of the evidence in the case was to the effect that defendant's physical operation of his automobile was in accordance with proper driving procedure; this tends to a conclusion that on the occasion of the collision between the two automobiles, he was not operating the automobile in a reckless manner and was not intoxicated. On the other hand, it is to be reasoned, we think, that according to the evidence, if the mental faculties of defendant had not been impaired by intoxication, he could have prevented the collision between the two automobiles and the resultant death of Suzette Lynn Hartley would have thereby been avoided.
*1017 In accordance with what we have stated above, we decide appellant's first issue adversely to appellant.

II.
The second issue presented in brief of counsel for appellant is as follows:
"That the Court erred in not granting Mr. Knighten's Motion to Exclude the State's Evidence on the blood test."
We now quote a large part of the argument contained in the brief of counsel for appellant as to ISSUE II:
"The Court erred in not granting the defendant's motion to exclude the State's evidence on the blood test. R. 487. First, it is not shown to the proper exclusion that Mr. Knighten had not ingested or had placed in his body substances which would have affected the accuracy of a blood test. It was shown that Mr. Knighten was picked up by the ambulance driver at the scene, taken to East End Memorial Hospital where he was left for an indeterminate period of time and received unknown treatment. The next link in the chain is when Mr. Chiles picked Mr. Knighten up at East End Memorial Hospital, he was transferred to the University Hospital. At that time he testified that Mr. Knighten had an IV in his arm from some treatment that was given to him there at the East End Memorial Hospital. At the University Hospital, Trooper Bell and Nurse Pritchett stated, that there were numerous doctors working around Mr. Knighten, administering substances on and into his body (R-331-332). Whether these substances, could effect his ability to voluntarily consent to a blood test or to voluntarily consent to a waiver of his rights, was not proven to the proper exclusion by the State. Delarosa v. State, Ala.Cr.App., 384 So.2d 876, cert. denied, Ala., 384 So.2d 880 (1980); McGough v. Slaughter, Ala., 395 So.2d 972; Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854, 858 (1973); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Kelley v. State, 55 Ala.App. 402, 316 So.2d 233 (1975).
"...
"Therefore, the blood test, the consent for the blood test should have been suppressed on the defendant's motions and continued objections throughout the trial. (R-404, 415, 409, 410 and 411)."
The response in appellee's brief to ISSUE II is as follows:
"THE TRIAL COURT MADE NO ERROR IN ITS ALLOWANCE OF THE TESTIMONY OF THE STATE'S EXPERT THAT THE APPELLANT'S BLOOD ALCOHOL CONTENT TESTED.11 PERCENT ETHYL ALCOHOL.
"Before testifying as to these results of this particular test, the witness in question (Laura Shevlin) testified that she conducted the test on the blood sample given to her which had been taken from the appellant in this case. Ms. Shevlin indicated that exact procedure she went through in making the determination of the blood alcohol content. In doing so, it was clear from the Record and this Court in examining the record to find that her test was conducted in full accordance with the rules and regulations promulgated by the Department of Public Health of the State of Alabama. Ms. Shelvin indicated that she was duly licensed by the State Board of Health to conduct such a test and had her permitted at the time of the trial and the time the test was run. It is the State's position that the test results were properly predicated upon the procedure as outlined by the Department of Health and therefore admissible into evidence.
"The testimony of Laura Shevein clearly indicates a standard sufficient to comply with the decision of Delarosa v. State, 384 So.2d 876 (Ala.Cr.App.); Commander v. State, 374 So.2d 910 (1978), writ quashed, 374 So.2d 1921 (1979).
"Additionally, the State sees no consequence of the appellant's argument concerning the consent in this case. It is clear from the testimony of Trooper Scott that the appellant consented to the taking of his blood for the purposes of *1018 making an analysis. This consent was given orally and witnessed by at least one other person who testified at trial. (One of the nurses working in the hospital.)
"Additionally, the State would rely on Code of Alabama 1975, § 32-5-192 to the extent that that statement makes a statutory consent implied for this procedure for any person who operates a motor vehicle on the public highways of the State of Alabama. The appellant may have had the right to resist the taking of his blood but his failure to do so coupled with his express consent to the giving of his blood indicates that the sample taking was proper."
We think that the authorities cited by counsel for appellant tend to support the position of appellee rather than that of appellant, particularly the opinion of Judge Tyson in Delarosa v. State, 384 So.2d 876 (Ala.Cr.App.), cert. denied, 384 So.2d 880 (Ala.1980).

III.
This issue is captioned in brief of counsel for appellant as follows:
"That the Court erred in now allowing Mr. Knighten to preserve the testimony or to take testimony from two individuals which discussed matters, relating to the type case at hand, with the jury venire, while sitting in recess as a group. The defendant was restricted to merely asking the jurors, as a group, if certain things were said. The defendant made an appropriate motion, on R-60, as follows:
"MR. SANDEFER: We still renew the motion pending before the Court concerning the preservation of the testimony to talk to the jurors so to see their answers enlisted from the 12 jurors as a proper response to it.
"To preserve or question the individuals, which had discussed the matters with the jury venire, in order to validate the accuracy, which the Court overruled, thus denying the Appellant due process of law as guaranteed under the Fourth, Fifth and Sixth Amendments to the Constitution of the United States of American as applied to the states through the Fourteenth Amendment."
We have looked in vain on page 60 of the record, that is, page 60 of the court reporter's transcript, for the quoted statement of the attorney for defendant. Counsel for appellee finds the quoted statement on page 72 and replies to appellant's contention by stating in part, "It is not entirely clear what counsel for the appellant was asking for in the above quote." We agree with the position taken by counsel for appellee that no error to the prejudice of the defendant was committed by the trial court as contended by appellant as to the issue now under consideration.

IV.
In support of this issue, counsel for appellant argues in his brief as follows:
"That the Court erred in aiding the State in the presentation of its case throughout the course of the trial over the objection of the defendant. That on numerous occasions, on R252, 275, 379, 380, 382, 383, 423, 454, and 456, the Court informed the State on how to ask a question or how to get around a critical point that the defendant had objected to. A prime example of this is shown on R-379-380, as follows:
"`Q. Would you give us the result of your test?
"`MR. SANDEFER: I would object. The proper predicate.
"`Q. Did you get a result?
"`THE COURT: Let me point out to you the Supreme Court of Alabama has ruled in cases similar to this and set out that there are four things that must be proven before it can be admitted, and I don't think you have proven the four standards. Gentlemen this has been decided in Moore vs. State of Alabama and set out in the pocket part of the last Code 32-5A-194. Let's take a 10-minute break.
"(Recess.)
"This shows bias and prejudice and denied the Appellant a fair and impartial trial, as guaranteed under the Constitution *1019 of Alabama and the Constitution of the United States of America as applied to the states through the Fourteenth Amendment."
We have considered the pages of the record referred to in the above quotation from brief of counsel for appellant. Our attention has not been directed to, and we have not found, any instance in the court reporter's transcript of any ruling by the trial court adverse to defendant in connection with the subject matter of appellant's fourth Issue. We repeat and apply what was stated by Judge Bowen, now Presiding Judge, in VanAntwerp v. State, 358 So.2d 782, 790 (Ala.Cr.App.), cert. denied, 358 So.2d 791, (Ala.1978), that
"An adverse ruling is a preliminary requirement to preservation of error and appellate review. Heard v. State, Ala. Cr.App., 335 So.2d 679 (1976); Scroggins v. State, Ala.Cr.App., 341 So.2d 967, cert. denied, Ala. 341 So.2d 972 (1976); 7 Ala. Digest, Criminal Law, Key No. 1045."
In accordance therewith, we find that there is no merit in appellant's fourth Issue.

V.
By this issue, counsel for appellant takes the position that the trial court was in error in allowing Trooper Scott to testify that the place where the impact between the two automobiles occurred was a particular point on a drawing on a blackboard of the scene of the collision. We now quote from the court reporter's transcript what occurred at the trial during the direct examination of Trooper Scott by an attorney for the State:
"Q. From your investigation of this motor vehicle wreck were you able to determine the point of impact between these two vehicles?
"MR. SANDEFER: Objection.
"THE COURT: Overruled.
"MR. SANDEFER: I would like to cite for the record
"THE COURT: Overruled. Go ahead.
"MR. SANDEFER: May I get my exception in the record. I cite as authority Jowers v. Dauphin, 143 So.2d 167.
"THE COURT: If shown by proper evidence, I'm going to let him testify to that.
"Q. (By Mr. Bains [Assistant District Attorney]): When you arrived on the scene, how did you go about determining the point of impact, please, tell the jury that?
"A. Through my investigation that we have been trained, when two vehicles comes together, they leave certain marks.
"Q. All right. Were a-y marks left there on the highway where you marked this `X' right here (indicating)?
"A. Yes, sir.
"Q. Where were those marks, please?
"A. Gouges that were made from the bottom of vehicle No. 1 and No. 2.
"MR. SANDEFER: I object to that. There is no way to ascertain those were the marks from those vehicles.
"THE COURT: All right. Tell when you pointed"
The case of Jowers v. Dauphin, 273 Ala. 567, 143 So.2d 167 (1962), cited by defendant's attorney on the trial of the case, who is also the attorney for appellant, does not hold as said attorney contends. What was held in the cited case was that the witness should not have been allowed to testify as to the speed of the two colliding vehicles at the time of the impact "based on his observation at the scene of the wrecked vehicles, and skid marks on the highway after point of impact." We are of the opinion that the trial court was not in error as contended by counsel for appellant as to Issue V.

VI.
By appellant's sixth Issue, his attorney contends that the trial court erred "in failing to exclude the alleged statement of John Knighten on R-489 of the transcript." It appears from brief of counsel for appellant that this contention of appellant is directed at the ruling of the court on a motion of defendant's attorney soon after the State rested its case and before defendant had presented any evidence. It appears that the issue refers to a ruling of the trial court overruling the motion of *1020 defendant's attorney "to exclude the alleged confessions of John Ellis Knighten as portrayed and delivered by Officer Bell to the jury." As to this issue, counsel for appellant argues in part the following:
"Mr. Knighten was denied due process under the Sixth Amendment of the Constitution of the United States as applied to the states through the Fourteenth Amendment in the Constitution of the State of Alabama. In Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Supreme Court held that a confession or admission cannot be used as evidence in a criminal trial until the Judge has made a determination at a separate (emphasis added) hearing that the confession or admission was voluntarily made. The Supreme Court specifically rejected the system of determining the admissibility whereby (1) the issue is decided by the Judge in the presence of the jury or (2) the issue is left to the jury to resolve. In the former instance the jury might be prejudiced by having heard the confession and even though the Judge may instruct them not to consider it because he found it to be involuntarily. The latter instance would prevent the convicted defendant from determining whether the jury found his confession voluntary but considered it anyway; found it involuntary but also found that there was other sufficient evidence to convict; or erroneously found it voluntary and based a conviction upon it. The defendant's ability to appeal the conviction would therefore be hampered by the lack of clarity in the jury's determination. While the Supreme Court did not require that the Judge's decision at the suppression hearing be announced in a written form, many courts have noted that a written form is preferable. Although a written opinion is not mandatory, the basis of the decision must appear in the record of the hearing with an unmistakable clarity if the decision if [which we construe as a typographical error and should be is] not to be overturned on appeal. The Court having overruled Mr. Knighten's objection to the admission of the statement and lack of voluntariness and not having a Jackson-Denno type hearing to determine the voluntariness denied Mr. Knighten a fair and impartial trial and due process under the Constitution of the United States as applied to the states through the Fourteenth Amendment and under the Constitution of the State of Alabama."
Counsel for appellee does not question the correctness of the legal proposition found in brief of counsel for appellant that the principle of law stated in Jackson v. Denno, supra, governed as to the issue now under consideration and further states:
"The very procedure outlined in Jackson v. Denno, supra, is the procedure followed here. It is clear that the trial court first heard this testimony concerning the Miranda warnings and the understanding and voluntariness of the confession outside the presence of the jury. (R. 190-202). Thereafter, the trial court went through this evidence again in the presence of the jury. (R. 312, 313). This is the exact procedure contemplated by the United States Supreme Court and such was the proper method in determining the voluntariness of this confession.
"The evidence before the jury was substantial and significant and surely sufficient to support the jury's finding that the statement was admissible."
If counsel for appellee is correct in the assertion that the trial court in the instant case complied with that which was held in Jackson v. Denno, the issue now under consideration should be determined adversely to appellant. We are not absolutely certain as to which of the two parties is correct as to whether there was compliance with the Jackson v. Denno requirement, but in the absence of any response by counsel for appellant to the contention expressed by counsel for appellee such as could have been made by a reply brief of counsel for appellant, we proceed to determine this issue adversely to appellant, with the understanding, however, that if our opinion herein concludes with an affirmance *1021 of the judgment, counsel for appellant will be able in a timely filed Application for Rehearing make known more particularly, fully and clearly his reasons or reason for not accepting as correct the position taken by counsel for the State.

VII.
As to this Issue, counsel for appellant makes the same argument as he did as to Issue I, which we decided adversely to appellant. For the same reason, we decide this Issue adversely to appellant.

VIII.
The caption of this Issue is thus stated in brief of counsel for appellant:
"That the Court erred in denying Mr. Knighten the opportunity to individually voir dire jurors, who had shown prior knowledge, in support of his Motion for Change of Venue, thereby denying him a fair and impartial trial and due process of law as guaranteed under the Constitution of the State of Alabama and the Constitution of the United States of America as applied to the states through the Fourteenth Amendment."
In his argument in support of this Issue, counsel for appellant states that "The Appellant made an appropriate motion for Individual Voir Dire so as not to taint the jury but to determine their bias, in support of his Motion for Change of Venue. Crowe v. State, 435 So.2d 1371 [(Ala.Cr.App. 1983)] and Anderson v. State, 443 So.2d 1364." We think that, as held in Anderson v. State at 443 So.2d 1364 (Ala.Cr.App. 1983):
"The granting of an accused's motion for change of venue rests within the sound discretion of the trial court and its ruling thereon will not be disturbed except for gross abuse. Lopez v. State, 415 So.2d 1204 (Ala.Cr.App.1982)."
In our opinion, appellant's attorney fails to show that there was gross abuse of discretion on the part of the trial court in failing to grant defendant's motion for a change of venue and that this issue presented by appellant is not well taken.

IX.
The caption of Issue IX is thus stated in brief of counsel for appellant:
"That the Court erred in denying Mr. Knighten's Motion to Dismiss the Indictment, in that it was based on a statute that was unconstitutional."
The "statute" referred to is that part of the statutory law of Alabama contained in the Acts 1977, No. 607, p. 812, § 2005(1)(b), now codified in Alabama Criminal Code, § 13A-6-2(a)(2) that provides "A person commits the crime of murder if ... Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person ..." which was shown by the first paragraph of our opinion in this case constituted the language of the count of the indictment in the instant case of which defendant-appellant was tried and convicted. Counsel for appellant cites no reported case or any other authority that tends to support this contention. It appears that no such contention has been made in any other reported case. The only case cited in appellant's brief in support of this issue is that of Wright, et al. v. City of Montgomery, Alabama, in which the Supreme Court at 401 U.S. 989, 91 S.Ct. 1218, 28 L.Ed.2d 528 (1971), vacated a judgment of the United States Court of Appeals, Fifth Circuit 406 F.2d 867, which had upheld a judgment of the District Court in the same case at 282 F.Supp. 291, in which the District Court had decided in favor of the City of Montgomery as to the contention of Wright and others that their rights would be violated by loitering ordinances and the like of the City of Montgomery. Although what was held by the Supreme Court in Wright v. City of Montgomery is authority for appellant's contention that the particular ordinances involved were void by reason of their vagueness, it does not serve as a *1022 precedent for the contention of counsel for appellant that the crime of which he was charged and convicted was so vaguely stated in the law proscribing it, or in the indictment charging it, as to constitute a ground for a reversal of the judgment from which this appeal is taken.

X.
We now quote all that is contained in brief of counsel for appellant as to this issue:
"That the Appellant, Mr. Knighten, was denied due process of law under the Constitution of the State of Alabama and the Constitution of the United States of America as applied to the states through the Fourteenth Amendment in denying the Appellant's Motion for Change of Venue and his renewed Motions for Change of Venue."
We continue to hold, as we did in our discussion of Issue VIII that as there was no gross abuse of discretion on the part of the trial court in failure to grant a motion for change of venue, we continue to hold that the Issue now presented is not well taken.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur with BOWEN, P.J., concurring in result only.

ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
In his brief in support of his application for rehearing counsel for appellant sets forth four separate and distinct propositions of law. In the first three of said propositions of law, counsel for appellant seeks to show that our decision in the instant case is in conflict with the applicable law on the subject. Our consideration of said three propositions advanced by counsel for appellant convinces us that each of said three is not well taken.
By the fourth proposition of law set forth in the brief of counsel for appellant as to the application for rehearing said counsel states as follows:
"This Court failed to address Appellant's proposition that the Statute under which he was convicted is unconstitutional in that it is void for vagueness as to what type of criminal conduct is being proscribed against on the basis that there has not been such a contention heretofore presented in any reported cases. However, Appellant is entitled, under the due process clauses of the Constitution of the United States as applied to the states through the Fourteenth Amendment, to be fairly apprised of the conduct for which a criminal prosecution would lie. State v. Skinner, 20 Ala.App. 204, 205, 101 So. 327 (1924); McCrary v State, 429 So.2d 1121, (Ala.Cr.App.1982), Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); United States v. National Dairy Products Corporation, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 651 (1963); Boyce Motor Lines v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367, 371 (1951) [1952]."
The cases cited in the last quoted proposition of law stated in brief of counsel for appellant in his brief on application for rehearing, i.e., the several citations of authorities cited therein, were not cited in brief of counsel for appellant on original submission. We now consider them on the application for rehearing and believe that the opinion of Judge DeCarlo in McCrary v. State, supra, in which the other cases cited by counsel for appellant in his brief on application for rehearing tends, at least, to raise a serious question as to whether *1023 the statute now under consideration, was clear, distinct and definite enough as to the provision now under consideration to prevent its being unconstitutionally vague when applied to the conduct of a person driving an automobile while under the influence of intoxicating drink so as to make him guilty of murder when another is killed by the operation by said person of an automobile. We are of the opinion that if the incident made the basis of the prosecution in this case had occurred within a year or two after the enactment of Acts 1977, No. 607, which changed the law in Alabama as to what constitutes murder so as to include as murder the conduct of a person who "under circumstances manifesting extreme indifference to human life, ... recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person," which was the charge made against this appellant in the case now under consideration, there may be serious doubt whether the particular provisions of the statute would have been so vague as to have been constitutional. However, as to the conduct of the appellant herein, which occurred in April 1984, when driving of an automobile under the influence of intoxicating drink was so greatly deplored, both by the public media and private individuals throughout Alabama and elsewhere, his driving a motor vehicle while under the influence of intoxicating drink was "manifesting extreme indifference to human life and [was] recklessly engag[ing] in conduct which creates a grave risk of death to a person other than himself"; as to this appellant in 1984, the statute was no longer so vague in the minds of responsible human beings that such provision of law was then unconstitutional. We determine the contention of counsel for appellant applying for a rehearing adversely to appellant by stating that appellant is not entitled to a rehearing, even though we also express the hope that those in charge of him during his period of imprisonment will treat him with more favor than that deserved by murderers in general.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur with BOWEN, P.J., concurring in result only.