# Ellis v. Pratt City.

*Prosecution for Violation of Municipal Ordinance.*

1. *Municipal ordinance; insufficient evidence to warrant conviction.* A conviction of disorderly conduct, in violation of a municipal ordinance, which makes it unlawful for any person to "disturb the peace of others by violent, offensive or boisterous conduct or carriage, or by loud or unusual noises, or by profane, obscene or offensive language * * * or being drunk," is not warranted when the only evidence introduced to sustain the charge was the testimony of one witness, who testified that her family lived in the same house with defendant's family, in an adjoining room, and that she heard the defendant, in his own room, quarrelling with his wife; that he was not talking very loud, and she heard no cursing or swearing, but that the father of the witness was sick, and the talking disturbed him.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The appellant was arraigned, tried and convicted, before the mayor of Pratt City for disorderly conduct in violation of an ordinance of that town, and from a judgment of conviction took an appeal to the circuit court. In the circuit court the following complaint was filed:

[Ellis v. Pratt City.]

"The plaintiff, a municipal corporation, charges that the defendant, T. O. Ellis, violated an ordinance of said town, numbered section 206, which said ordinance is in words and figures, to-wit: 'Any person who disturbs the peace of others by violent, offensive or boisterous conduct or carriage, or by loud or unusual noises, or by profane, obscene or offensive language, calculated to provoke a breach of the peace, or being drunk or in a state of intoxication in a public place, or in a private place to the annoyance of others, shall be guilty of disorderly conduct; and must, on conviction, be fined not less than one nor more than one hundred dollars.'" In the trial of the case, it was shown that there was some disturbance at the appellant's house prior to the going there by police officers to arrest him, and also after the arrest; and the town of Pratt City, as plaintiff, elected to prosecute only for the disorderly conduct which occurred before the police officer went to the defendant's house to make the arrest. The other facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court adjudged the defendant guilty as charged, and imposed a fine of ten dollars upon him. From this judgment the defendant appeals, and assigns the rendition thereof as error.

BOWMAN & HARSH, for appellant.

No counsel marked as appearing for appellee.

HEAD, J.—Assuming that the appellant was tried in the court below upon the charge set forth in the complaint found in the record, we are unable to see in the bill of exceptions any evidence sufficient to support a conviction. The charge is that the defendant disturbed the peace of others, and the means alleged were violent, offensive or boisterous conduct or carriage, or loud or unusual noises, or profane, obscene or offensive language calculated to provoke a breach of the peace, or being drunk or in a state of intoxication in a public place, or in a private place to the annoyance of others. In view of the election made by Pratt City to prosecute only for what occurred before the police officers went to the ap-

[Mercantile Trust & Deposit Co. v. Southern Iron Car Line, etc.]

pellant's house at night to arrest him, the only testimony tending, in anywise, to support the charge, is that of Maggie Botterell, who testified that on the 20th day of December, 1895, she, with her father, mother and other members of the family, resided in one side of a house, the other side of which was occupied by defendant and his wife ; that on said day she heard defendant, in his own room, quarrelling with his wife ; that defendant was not talking very loud and she heard no cursing or swearing ; but that the father of witness was sick, and the talking disturbed him.

It is obvious that this testimony is wholly insufficient to prove that the sick man was disturbed by either of the means charged in the complaint.

The proof is conclusive that what occurred at night, as testified to by other witness, was after the police officers had arrived at the appellant's house and were seeking to arrest him.

The charge was not sustained ; and the judgment of the circuit court will be reversed, and a judgment here rendered discharging the appellant,

Reversed and appellant discharged.