166 So.2d 886

**William Walton HANSON, Jr., et al.**

**v.**

**STATE.**

**7 Div. 751.**

Court of Appeals of Alabama.

Aug. 18, 1964.

Fred D. Gray, Montgomery, for appellants.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

PER CURIAM.

The complaint filed in the county court on which these ten defendants were found guilty and fined $200.00 each, reads:

"Before me, Herbert Tate, Clerk of the DeKalb County Court of said County, personally appeared Joe Smelley who, being duly sworn, deposes and says that he has probable cause for believing, and does believe that within

twelve months before making this affidavit, and in said county, William Walton Hanson Jr., Samuel Curtis Shirah, Jr., Richard Lee Haley, Winston Henry Lockett, James Rufus Forman, Zev Aelony, Carver Gene Neblett, Landy McNair, Jr., Jessie Lee Harris, John Robert Zellner, Eric Weinberger and Brookins Gore, whose names to affiant are otherwise unknown did engage in a course of conduct calculated to provoke a breach of the peace and which did disturb the peace of the general public in this: That they did organize and engage in a so-called 'March' and did walk or march along the highway as a group carrying written signs or placards tending to create racial tensions at a time when said racial tension was already high and the general public apprehensive of racial violence in this State. And the so-called 'March' was held and the said signs and placards carried by the named defendants after the Governor of Alabama had requested by newspaper and television of nationwide distribution that said march be not held, and that it would serve no good purpose but would only tend to increase said racial tension and probably cause or create more racial tension or violence in this State. Nevertheless, the said defendants, in defiance of said request by the Governor of the State, and well knowing of the racial unrest and recent serious racial incidents in this State and that their conduct would probably tend to cause a breach of the peace and would greatly disturb the general public and that racial violence might ensue, they did engage in said 'march' and did enter the State of Alabama where a huge crowd of people, both white and negro, had assembled and at a time when racial tension was extremely high carrying said signs and placards as aforesaid. Contrary to law and against the peace and dignity of the State of Alabama."

One of the grounds of demurrer was that the complaint failed to state an offense.

We are of the opinion the facts alleged do not sufficiently show the commission of any offense and that this ground of demurrer was well taken and should have been sustained. See the following cases: Edwards v. California, 314 U.S. 160, 62 S.Ct. 164, 86 L.Ed. 119; Zellner v. Lingo, D.C., 218 F.Supp. 513; Opinion of the Justices, 275 Ala. 547, 156 So.2d 639; Ex parte Lavinder, 88 W.Va. 713, 108 S.E. 428, 24 A.L.R. 1178; Constantin v. Smith, D.C., 57 F.2d 227.

The judgment is reversed and the cause remanded.

Reversed and remanded.