**Alfred WRIGHT et al., Appellants,**

v.

**The CITY OF MONTGOMERY, ALABAMA, et al., Appellees.**

**No. 26314.**

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1969.

---

868

Morton Stavis, Newark, N. J., William M. Kunstler, Arthur Kinoy, New York City, Alvin J. Bronstein, Cambridge, Mass., Benjamin E. Smith, New Orleans, La., Charles S. Conley, Montgomery, Ala., Dennis J. Roberts, Newark, N. J., for appellants.

Ira DeMent, Matthis W. Piel, Montgomery, Ala., for appellees.

Before JOHN R. BROWN, Chief Judge, AINSWORTH, Circuit Judge, and COMISKEY, District Judge.

AINSWORTH, Circuit Judge.

"Our Constitution protects the right of protest and dissent within broad limits. * * * It broadly protects the right to assemble, to picket, to stage 'freedom walks' or mass demonstrations, if these activities are peaceable and if the protesters comply with reasonable regulations designed to protect the general public without substantially interfering with effective protest. * * * [However] *If the right to protest, to dissent, or to assemble peaceably is exercised so as to violate valid laws reasonably designed and administered to avoid interference with others, the Constitution's guarantees will not shield the protester."* [1] (Emphasis added.) Appellants attack the "Disorderly Conduct," "Loitering," and "Failure to Obey" ordinances of the City of Montgomery, Alabama,[2] as being unconstitutional on their face

1. Fortas, Concerning Dissent and Civil Disobedience, pp. 17–18 (1968).

2. "At the time proceedings were commenced between these parties the ordinances under attack were contained in or reported in the Montgomery City Code of 1952. Since that time the Montgomery City Code of 1964 has been adopted. All the ordinances are now collected in Chapter 24 of the 1964 Code." Wright v. City of Montgomery, Alabama, M.D.Ala., 1968, 282 F.Supp. 291, 292n.

on the grounds that they are impermissively vague and broad in scope. See, e. g., Cox v. State of Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965).[3] Appellants also seek an injunction against their prosecution in state court under these ordinances. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).[4] The District Court denied the requested relief, and we affirm.

The subject matter of this suit has been extensively litigated;[5] and, indeed, the present case, despite its difference

3. See also Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); United States v. Robel, 389 U.S. 258, 88 S.Ct. 419, 19 L.Ed.2d 508 (1967); Keyishian v. Board of Regents of U. of St. of N. Y., 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Shuttlesworth v. City of Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965); Aptheker v. Secretary of State, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964); Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); N. A. A. C. P. v. Alabama, 377 U.S. 288, 84 S.Ct. 1302, 12 L.Ed.2d 325 (1964); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); N. A. A. C. P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Cramp v. Board of Pub. Inst., Orange County, Fla., 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961); Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960); Schneider v. State of New Jersey, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155 (1939); Connally v. General Const. Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); Davis v. Francois, 5 Cir., 1968, 395 F.2d 730; United States v. Woodard, 7 Cir., 1967, 376 F.2d 136; United States v. Jones, 2 Cir., 1966, 365 F.2d 675; University Committee to End the War in Viet Nam v. Gunn, W.D.Tex., 1968, 289 F.Supp. 469 (three-judge court) (per curiam); Devine v. Wood, M.D.Ala., 1968, 286 F.Supp. 102 (three-judge court) (per curiam); Landry v. Daley, N.D.Ill., 1968, 280 F.Supp. 938 (three-judge court). See generally Amsterdam, The Void-for-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67 (1960).

4. See also Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335 (1968); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391 (1967); City of Greenwood, Mississippi v. Peacock, 384 U.S. 808, 829, 86 S.Ct. 1800, 1813, 16 L.Ed.2d 944 (1966) (dicta); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); Devine v. Wood, M.D.Ala., 1968, 286 F.Supp. 102 (three-judge court) (per curiam); United States v. McLeod, 5 Cir., 1967, 385 F.2d 734, 745 et seq.; United States v. Leflore County, 5 Cir., 1967, 371 F.2d 368, 373; United States v. Wood, 5 Cir., 1961, 295 F.2d 772; Barber v. Kinsella, D.Conn., 1967, 277 F.Supp. 72 (three-judge court); University Committee to End the War in Viet Nam v. Gunn, W.D.Tex., 1968, 289 F.Supp. 469 (three-judge court) (per curiam); Carmichael v. Allen, N.D.Ga., 1967, 267 F.Supp. 985 (three-judge court); Shaw v. Garrison, E.D.La., 1968, 293 F.Supp. 937 (three-judge court) (per curiam), affirmed, 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392 (1968); Malone v. Emmet, M.D.Ala., 1967, 278 F.Supp. 193; Reavis v. McAngus, W.D.Tex., 1968, [No. 68–35–A, Dec. 16] (three-judge court) (per curiam). See generally Note, Developments in the Law-Injunctions, 78 Harv.L.Rev. 994 (1965).

5. The facts of this case were outlined in detail in Forman v. City of Montgomery, M.D.Ala., 1965, 245 F.Supp. 17, 19–21, and we, like the District Court, take judicial notice "of all proceedings, evidence and conclusions in that case." Wright v. City of Montgomery, Alabama, M.D.Ala., 1968, 282 F.Supp. 291, 293. Briefly, the appellants, many of whom are either staff members or are associated with the Student Nonviolent Coordinating Committee (SNCC), came to Montgomery, Alabama, in March 1965 in order to protest against discrimination in the field of voting rights, and subsequently, they were arrested and charged with violating city ordinances. In Criminal Case No. 11,727–N, 7 appellants were arrested on March 11, 1965, and charged with disorderly conduct in violation of Montgomery City Code Ch. 20, § 18. Four of these appellants refused to proceed along a route designated by city police officers and "went limp" and lay down in the middle of the street. Three of these appellants, being refused permission to join the former group, "went limp" on the sidewalk adjacent to the Dexter Avenue Baptist Church, and refused to leave upon being ordered to do so by the police.
In Criminal Case No. 11,728–N, 70 individuals were arrested on March 18, 1965, for failing to obey the orders and di-

in title, " * * * is an extension of the proceedings with which this Court dealt in Forman v. City of Montgomery, * * *." M.D.Ala., 1965, 245 F.Supp. 17, affirmed, 5 Cir., 1966, 355 F.2d 930, cert. denied, 384 U.S. 1009, 86 S.Ct. 1983, 16 L.Ed.2d. 1022 (1966), where the appellants unsuccessfully attempted to remove their criminal prosecutions from the state courts to the federal courts pursuant to 28 U.S.C. § 1443. Wright v. City of Montgomery, Alabama, M.D.Ala., 1968, 282 F.Supp. 291, 292. The present phase of this litigation was commenced on November 8, 1966, and on November 9, 1966, the District Court entered an order denying a temporary injunction restraining the state prosecutions. On appeal to this Court, we vacated the order of the District Court and remanded for adjudication of the issues not previously decided in Forman v. City of Montgomery, supra. Upon consideration of our order of remand, the District Court found

—and we agree—that the only issues not foreclosed by Forman v. City of Montgomery, supra, are the following:

"(1) Whether Sections 18, 36 and 59, Chapter 20, Montgomery City Code, are unconstitutional on their face in that they (a) are so vague and lacking in standards as to compel men of ordinary intelligence to guess at their meaning, and/or (b) are so broad in their sweep as to have a chilling and deterring effect on the exercise of First Amendment rights;

"(2) Whether this is a proper case for the exercise of federal equity jurisdiction and the granting of an injunction enjoining the prosecution of these plaintiffs under the said statutes, and further enjoining the defendants from the enforcement of or prosecution under the said statutes generally." Wright v. City of Montgomery, Alabama, M.D.Ala., 1968, 282 F.Supp. 291, 294.[6]

---

rections of a police officer when they picketed and paraded on one of the main streets of Montgomery, blocking traffic for approximately one and one-half hours.

In Criminal Case No. 11,729–N, 31 individuals were arrested on March 19, 1965, and charged with "loitering" on a sidewalk. These appellants had marched to the Montgomery, Alabama, City Hall, to protest the arrest of the appellants named in Criminal Case No. 11,728–N, and they were permitted to picket for approximately eight hours. They were arrested only after they had ceased picketing and had begun sitting upon and blocking the sidewalks surrounding the City Hall.

In Criminal Case No. 11,730–N, city police officers arrested 6 individuals for failing to obey an order of a police officer when they continued to parade and march on Montgomery city streets after having been warned and ordered not to do so.

In Criminal Cases Nos. 11,731–N, 11,732–N and 11,733–N, a total of 51 persons were arrested in three groups for failure to obey police officers. These appellants had been parading and picketing on Montgomery city streets near the State Capitol, and were blocking the regular flow of vehicular and pedestrian traffic. Upon their refusal to remove themselves from the street and to use the sidewalks, they were arrested.

6. The District Court held:
" * * * that the plaintiffs' claims that the statutes are unconstitutional in their application, that the arrests of plaintiffs were for the purpose of deterring the exercise of a constitutionally protected right, and that the arrests were selective and discriminatory, are foreclosed by the findings and conclusions in the reported opinion in Forman [v. City of Montgomery, M.D.Ala., 1965, 245 F.Supp. 17, 24–25] citing, inter alia, Finn v. American Fire and Casualty Co., 5 Cir., 1953, 207 F.2d 113; Holmes v. United States, N.D.Ga., 1964, 231 F.Supp. 971, affirmed, 5 Cir., 353 F.2d 785]." Wright v. City of Montgomery, Alabama, M.D.Ala., 1968, 282 F.Supp. 291, 293.

The lower court further held that appellants' claim regarding denial of counsel in the state prosecutions should not be adjudicated herein since the remand order of this Court did not authorize it and "The proper avenue to raise this type of question remains the state courts." Wright v. City of Montgomery, Alabama, M.D.Ala., 1968, 282 F.Supp. 291, 294, citing Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Davis v. Jury Commission of Montgomery County, M.D.Ala., 1966, 261 F.Supp. 591.

## I.

The District Court, while inferentially holding that the ordinances in question could be construed narrowly in a manner which would sustain their constitutionality, abstained from ruling on the constitutional questions and on the propriety of an injunction to restrain the state prosecutions. While we find the District Court's reasoning compelling,[7] in light of the recent Supreme Court decisions in Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335 (1968), and Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391 (1967),[8] we proceed to the merits of the present controversy.

## II.

Appellants argue that the ordinances under which they are being prosecuted are void for vagueness[9] in that they either forbid or require "* * * the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application * * *." Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127 (1926). See also Cameron v. Johnson, 390 U.S. 611, 615–616, 88 S.Ct. 1335, 1338 (1968); Zwickler v. Koota, 389 U.S. 241, 249, 88 S.Ct. 391, 396 (1967) (dicta); Ashton v. Kentucky, 384 U.S. 195, 200–201, 86 S.Ct.

---

**7.** The decision of the District Court to abstain was premised on the "hardcore" nature of the appellants' conduct:

"In summary, what is now held is that since plaintiffs were engaged in the type of unlawful conduct that good-faith enforcement of penal ordinances and statutes is designed to 'chill,' they cannot now complain as to the 'chilling effect' of such ordinances and statutes and the enforcement thereof. Deterrence of that which society has a right to prevent has always been, and I trust always will be, recognized as a legitimate function of city, state and federal penal statutes."

Wright v. City of Montgomery, Alabama, M.D.Ala., 1968, 282 F.Supp. 291, 297. This "hardcore" principle of abstention had its genesis in Dombrowski v. Pfister, 380 U.S. 479, 491–492, 85 S.Ct. 1116, 1123–1124 (1965), where Mr. Justice Brennan stated that

" * * * it is readily apparent that abstention serves no legitimate purpose where a statute regulating speech is properly attacked on its face, and where, as here, the conduct charged in the indictments is not within the reach of an acceptable limiting construction readily to be anticipated as the result of a single criminal prosecution *and is not the sort of 'hardcore' conduct that would obviously be prohibited under any construction.*" (Emphasis added.)

See also Shuttlesworth v. City of Birmingham, 382 U.S. 87, 99, 86 S.Ct. 211, 217 (1965) (Mr. Justice Brennan, concurring). But see Dombrowski v. Pfister, 380 U.S. 479, 486, 85 S.Ct. 1116, 1121. The thrust of the reasoning behind the "hardcore" doctrine is that a person whose conduct is not constitutionally protected should not be able to attack a statute or ordinance on the ground that it is unconstitutional as applied to others. See United States v. Jones, 2 Cir., 1966, 365 F.2d 675, 677 n. 3, and authorities cited therein; United States v. Woodard, 7 Cir., 1967, 376 F.2d 136, 144 (Cummings, J., concurring). In light of our disposition of this case, we need not decide this issue. United States v. Jones, supra.

**8.** See also Powell v. McCormack, 1968, 129 U.S.App.D.C. 354, 395 F.2d 577, 610 (dicta); Davis v. Francois, 5 Cir., 1968, 395 F.2d 730, 732; Northside Bible Church v. Goodson, 5 Cir., 1967, 387 F.2d 534, 537; Wright v. McMann, 2 Cir., 1967, 387 F.2d 519, 525, citing McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Landry v. Daley, N.D.Ill., 1968, 280 F.Supp. 938, 947–948 (three-judge court); Shaw v. Garrison, E.D.La., 1968, 293 F.Supp. 937 (three-judge court) (per curiam), affirmed, 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392 (1968); Harris v. Younger, C.D.Cal., 1968, 281 F.Supp. 507, 510–511 (three-judge court); 1A Moore, Federal Practice ¶ 0.203, p. 2112 n. 29 (Cum.Supp.1967) (2d ed. 1965); Note, Regulation of Demonstrations, 80 Harv. L.Rev. 1773, 1783 (1967). Cf. Thornhill v. Alabama, 310 U.S. 88, 97–98, 60 S.Ct. 736, 741–742, 84 L.Ed. 1093 (1940).

**9.** It is apparent that "breach of the peace" and "disorderly conduct" statutes are not void per se. Devine v. Wood, M.D. Ala., 1968, 286 F.Supp. 102, 105 (three-judge court) (per curiam); see Cox v. State of Louisiana, 379 U.S. 536, 559, 85 S.Ct. 453, 466 (1965) (Mr. Justice Black, concurring in part and dissenting in part).

1407, 1410, 16 L.Ed.2d 469 (1966); Baggett v. Bullitt, 377 U.S. 360, 366–367, 84 S.Ct. 1316, 1320 (1964); Edwards v. South Carolina, 372 U.S. 229, 238, 83 S.Ct. 680, 685 (1963); Cramp v. Board of Pub. Inst., Orange County, Fla., 368 U.S. 278, 287, 82 S.Ct. 275, 280 (1961); Devine v. Wood, M.D.Ala., 1968, 286 F. Supp. 102, 104 (three-judge court) (per curiam); Landry v. Daley, N.D.Ill., 1968, 280 F.Supp. 938, 951 (three-judge court); United States v. Woodard, 7 Cir., 1967, 376 F.2d 136, 140, citing United States v. Petrillo, 332 U.S. 1, 8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 (1947). The essence of the vagueness doctrine is that the ordinance or statute must be sufficiently clear to give reasonable notice of the prohibited conduct and to apprise the judge and jury of the proper standards for determining guilt. Landry v. Daley, N.D.Ill., 1968, 280 F.Supp. 938, 951 (three-judge court), citing Collings, Unconstitutional Uncertainty-An Appraisal, 40 Cornell L.Rev. 195, 196–197 (1955); United States v. Jones, 2 Cir., 1966, 365 F.2d 675, 678. See generally Amsterdam, The Void-for-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67 (1960).

■■■ Aside from the allegations of vagueness, appellants urge that the Montgomery ordinances are void for overbreadth in that they offend " * * * the constitutional principle that 'a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms.' " Zwickler v. Koota, 389 U.S. 241, 249–250, 88 S.Ct. 391, 396 (1967), citing N. A. A. C. P. v. Alabama, 377 U.S. 288, 307, 84 S.Ct. 1302, 1314 (1964). See also Cameron v. Johnson, 390 U.S. 611, 616–617, 88 S.Ct. 1335, 1338 (1968); Keyishian v. Board of Regents of U. of St.

of N. Y., 385 U.S. 589, 602, 87 S.Ct. 675, 683 (1967); Ashton v. Kentucky, 384 U.S. 195, 200–201, 86 S.Ct. 1407, 1410 (1966); Shuttlesworth v. City of Birmingham, 382 U.S. 87, 86 S.Ct. 211 (1965); Cox v. State of Louisiana, 379 U.S. 536, 551–552, 85 S.Ct. 453, 462–463 (1965); Aptheker v. Secretary of State, 378 U. S. 500, 508–509, 84 S.Ct. 1659, 1665 (1964); N. A. A. C. P. v. Button, 371 U.S. 415, 438, 83 S.Ct. 328, (1963); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680 (1963); Louisiana ex rel. Gremillion v. National Ass'n for Adv. of Col. People, 366 U.S. 293, 81 S.Ct. 1333, 6 L.Ed.2d 301 (1961); Shelton v. Tucker, 364 U.S. 479, 488, 81 S.Ct. 247, 252 (1960); Davis v. Francois, 5 Cir., 1968, 395 F.2d 730, 736; Landry v. Daley, N.D.Ill., 1968, 280 F.Supp. 938, 951–952 (three-judge court). In order to avoid the constitutional consequences of overbreadth, the statute or ordinance in question "must simply identify a substantial interest worthy of protection." Davis v. Francois, supra at 736, citing Note, Regulation of Demonstrations, 80 Harv.L.Rev. 1773 (1967).[10]

In this regard, it is well settled that the state has a legitimate and substantial interest in regulating demonstrations and picketing and, indeed, these forms of expression are subject to greater regulation than "pure speech":

"The constitutional guarantee of liberty implies the existence of an organized society maintaining public order, without which liberty itself would be lost in the excesses of anarchy. The control of travel on the streets is a clear example of governmental responsibility to insure this necessary order. A restriction in that relation, designed to promote the public convenience in the interest of all, and not susceptible to abuses of discrim-

10. See also Cameron v. Johnson, 390 U.S. 611, 617, 88 S.Ct. 1335, 1338–1339 (1968), citing Cox v. State of Louisiana, 379 U.S. 536, 564, 85 S.Ct. 453, 481 (1965); Keyishian v. Board of Regents of U. of St. of N. Y., 385 U.S. 589, 87 S.Ct. 675 (1967); N. A. A. C. P. v. Button, 371 U.S. 415, 83 S.Ct. 328 (1963); Devine v. Wood, M.D.Ala., 1968, 286 F.Supp. 102, 105 (three-judge court) (per curiam).

inatory application, cannot be disregarded by the attempted exercise of some civil right which, in other circumstances, would be entitled to protection. * * * *Governmental authorities have the duty and responsibility to keep their streets open and available for movement.* * * *

*"We emphatically reject the notion urged by appellant that the First and Fourteenth Amendments afford the same kind of freedom to those who would communicate ideas by conduct such as patrolling, marching, and picketing on streets and highways, as these amendments afford to those who communicate ideas by pure speech."* (Emphasis added.)

Cox v. State of Louisiana, 379 U.S. 536, 554–555, 85 S.Ct. 453, 464 (1965). See also Cameron v. Johnson, 390 U.S. 611, 617, 88 S.Ct. 1335, 1338–1339 (1968); N. A. A. C. P. v. Button, 371 U.S. 415, 438–439, 83 S.Ct. 328, 340–341 (1963); National Ass'n for A. of C. P. v. State of Alabama, 357 U.S. 449, 460–462, 78 S.Ct. 1163, 1170–1171 (1958); Feiner v. People of the State of New York, 340 U.S. 315, 320, 71 S.Ct. 303, 306, 95 L.Ed. 267 (1951); Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 499–500, 69 S.Ct. 684, 689, 93 L.Ed. 834 (1949); Cantwell v. State of Connecticut, 310 U.S. 296, 308, 60 S.Ct. 900, 905, 84 L.Ed. 1213 (1940); Schneider v. State of New Jersey, 308 U.S. 147, 161, 60 S.Ct. 146, 150 (1939). See generally Fortas, Concerning Dissent and Civil Disobedience, Part I, pp. 9–25 (1968). As this Court stated in Davis v. Francois, 5 Cir., 1968, 395 F.2d 730, 733:

"However laudatory, protests have often created problems for officials and have prompted the development of certain state interests that may be invoked to regulate them. These interests are the prevention of riots, disorder, interference with traffic, blockage of sidewalks or entrances to buildings, and disruption of the normal functions of the public facility."

See also Strother v. Thompson, 5 Cir., 1967, 372 F.2d 654; Guyot v. Pierce, 5 Cir., 1967, 372 F.2d 658; Kelly v. Page, 5 Cir., 1964, 335 F.2d 114; Devine v. Wood, M.D.Ala., 1968, 286 F.Supp. 102, 105–106 (three-judge court) (per curiam); University Committee to End the War in Viet Nam v. Gunn, W.D.Tex., 1968, 289 F.Supp. 469 (three-judge court) (per curiam). See generally Note, Regulation of Demonstrations, 80 Harv.L.Rev. 1773 (1967). Cf. Keyishian v. Board of Regents of U. of St. of N. Y., 385 U.S. 589, 602, 87 S.Ct. 675, 683 (1967). Thus, if the Montgomery ordinances attacked herein merely place reasonable restrictions on the time, place, and manner of demonstrations in order to facilitate the flow of traffic and to prevent riot and disorder, the ordinances are not impermissibly broad.[11] Davis v. Francois, 5 Cir., 1968, 395 F.2d 730, 736. See also Cameron v. Johnson, 390 U.S. 611, 617, 88 S.Ct. 1335, 1339 (1968); Cox v. State of Louisiana, 379 U.S. 536, 558, 85 S.Ct. 453, 466 (1965). See generally Note, Regulation of Demonstrations, supra; Fortas, Concerning Dissent and Civil Disobedience, Part I, pp. 9–25 (1968).[12]

---

11. A careful reading of the holding in Forman v. City of Montgomery, M.D.Ala., 1965, 245 F.Supp. 17, affirmed, 5 Cir., 1966, 355 F.2d 930, cert. denied, 384 U.S. 1009, 86 S.Ct. 1983 (1966), will disclose that consideration of the question of whether the Montgomery ordinances are unconstitutional as applied to these appellants is actually foreclosed by our affirmance of the trial judge's original findings of fact. Wright v. City of Montgomery, Alabama, M.D.Ala., 1968, 282 F.Supp. 291, 293. Thus, if the or- dinances herein attacked are reasonable regulatory measures on their face, appellants are not entitled to declaratory relief.

12. The concept of reasonableness, in the context of the permissible scope of statutes regulating demonstrations and marches, has been conceived of as a balancing of interests between the state and the demonstrators:

"Demonstrations will sometimes conflict with the state's interest in pre-

874

Applying the above discussion of the concepts of vagueness and overbreadth to the present case, we note initially that the interpretations given the Montgomery ordinances by the Alabama courts are " * * * as binding on us though the precise words had been written into the ordinance[s]." Terminiello v. City of Chicago, 337 U.S. 1, 4, 69 S. Ct. 894, 895, 93 L.Ed. 1131 (1949). See also Shuttlesworth v. City of Birmingham, 382 U.S. 87, 91, 86 S.Ct. 211, 214 (1965); Cox v. State of Louisiana, 379 U.S. 536, 545, 85 S.Ct. 453, 459 (1965); United States v. Burnison, 339 U.S. 87, 89, 70 S.Ct. 503, 505, 94 L.Ed. 675 (1950); Winters v. People of State of New York, 333 U.S. 507, 514, 68 S.Ct. 665, 669, 92 L.Ed. 840 (1948); Aero Mayflower Transit Co. v. Board of Railroad Com'rs, 332 U.S. 495, 499–500, 68 S.Ct. 167, 169, 92 L.Ed. 99 (1947); Devine v. Wood, M.D.Ala., 1968, 286 F.Supp. 102, 104–105 (three-judge court) (per curiam); United States v. Jones, 2 Cir., 1966, 365 F.2d 675, 677. Proceeding to the specific ordinances in question, the Montgomery "Disorderly Conduct" ordinance states that

"It shall be unlawful for any person in the city to disturb the peace of others by violent, profane, indecent, offensive or boisterous conduct or language, or by conduct calculated to provoke a breach of the peace." [13]

In Hanson v. State, 42 Ala.App. 409, 166 So.2d 886 (1964) (per curiam), the Court of Appeal of Alabama interpreted a similar ordinance as not encompassing a peaceful civil rights march along a public highway, where the marchers carried placards. In Mitchell v. State, 41 Ala. App. 254, 260, 130 So.2d 198, 204 (1961), the Alabama Court of Appeals stated that "being strutty, puffing up one's cheeks and jamming one's hands into his trouser pockets as though he were Napoleon may disturb the peace of some people, *but the standard for disturbance must be confined to conduct which is violent, menacing, or imports provocation to make another commit an actual breach of the peace.*" (Emphasis added.) See Ellis v. Pratt City, 113 Ala. 541, 21 So. 206 (1897); Donahey v. City of Montgomery, 43 Ala.App. 20, 178 So.2d 832 (1965). To hold otherwise " * * * would in our opinion establish a precedent which would make dangerous free expression and subject all citizens to possible harassments never contemplated by our statutes and constitutions." Murray v. State, 32 Ala.App. 305, 307, 25 So.2d 704, 705 (1946). Considering the construction given the "Disorderly Conduct" ordinance by the Alabama courts, a construction which in effect limits the application of the ordinance to violent and menacing conduct or conduct which tends to provoke menacing and violent conduct, we find that this ordinance is a reasonable regulatory measure which embodies a legitimate and substantial state interest without unnecessarily invading the area of protected freedoms.[14] In addition, the decisions of the Alabama courts in Hanson v. State, 42 Ala.App. 409, 166 So.2d 886 (1964), and Mitchell

venting violence or abuse of property, and the state should be permitted to maintain the free flow of traffic and to insure that public facilities serve the needs and convenience of other citizens. * * * Although Mr. Justice Black apparently feels that the state may impose blanket prohibitions on demonstrations [citing Cox v. State of Louisiana, 379 U.S. 536, 559, 85 S.Ct. 453, 466 (Mr. Justice Black, concurring in part and dissenting in part)], the prevailing view seems to be that the state may impose only 'reasonable' restrictions on time, place, duration, or manner [citing Cox v. State of Louisiana, supra (majority opinion)]. The 'reasonableness' of a regulatory measure must necessarily be viewed in terms of the competing interests of the demonstrators and the state."

Note, Regulation of Demonstrations, 80 Harv.L.Rev. 1773, 1774 (1967), citing, inter alia, Cox v. State of Louisiana, 379 U.S. 536, 85 S.Ct. 453 (1965), and Farmer v. Moses, S.D.N.Y., 1964, 232 F.Supp. 154.

13. Montgomery City Code Ch. 20, § 18. See note 2, supra.

14. Compare cases cited on p. 869, supra.

v. State, 41 Ala.App. 254, 130 So.2d 198 (1961), draw a distinction between peaceful protest, which is constitutionally protected, and violent and menacing protest which is not, and this distinction is sufficiently unambiguous to give reasonable notice of what is prohibited as well as to apprise the judge and jury of the proper standards for determining culpability thereunder. See Cox v. State of Louisiana, 379 U.S. 536, 85 S.Ct. 453 (1965); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680 (1963); United States v. Woodard, 7 Cir., 1967, 376 F. 2d 136; Devine v. Wood, M.D.Ala., 1968, 286 F.Supp. 102 (three-judge court) (per curiam); United States v. Jones, 2 Cir., 1966, 365 F.2d 675, 677–678. The Montgomery "Disorderly Conduct" ordinance is neither impermissively broad nor unconstitutionally vague.

 The Montgomery "Loitering" and "Failure to Obey" ordinances read as follows:

"No person, after being warned by a police officer, shall loiter on the sidewalks in the city in front of business establishments, public buildings or houses of worship, nor shall any person sit upon or lean against the walls around residences in the city, without obtaining the consent of the owner, occupant or person in control of such premises." [15]

"It shall be unlawful for anyone to fail to obey the direction or order of a member of the police department of the city while such member is acting in an official capacity in carrying out his duties." [16]

Despite its somewhat broad language, the "Loitering" ordinance "is clearly directed at loitering so 'as to obstruct free passage over, on or along [any] street or sidewalk.'" Smith v. City of Birmingham, 42 Ala.App. 467, 468n., 168 So. 2d 35, 37n. (1964) (interpreting an ordinance substantially identical to the Montgomery "Loitering" ordinance). Ala-

bama decisions "make it clear that the mere refusal to move on after a police officer's requesting that a person standing or loitering should do so is not enough to support the offense. That there must also be a showing of the accused's blocking free passage is the ratio decidendi * * *." Middlebrooks v. City of Birmingham, 42 Ala.App. 525, 527, 170 So.2d 424, 426 (1964). Cf. Shelton v. City of Birmingham, 42 Ala.App. 371, 165 So. 2d 912 (1964). Thus, we reach the same conclusions as the Supreme Court reached in Shuttlesworth v. City of Birmingham, 382 U.S. 87, 90–93, 86 S.Ct. 211, 213–214 (1965), where that Court ruled on the constitutionality of similar Birmingham ordinances:

"Literally read, therefore, the second part of this ordinance says that a person may stand on a public sidewalk in Birmingham only at the whim of any police officer of that city. The constitutional vice of so broad a provision needs no demonstration. [Citations omitted.] It 'does not provide for government by clearly defined laws, but rather for government by the moment-to-moment opinions of a policeman on his beat.' Cox v. State of Louisiana, 379 U.S. 536, 559, 579, 85 S.Ct. 453, 466, 469, 476, 13 L.Ed.2d 471, 487 (separate opinion of Mr. Justice Black). * * *

"The matter is not one which need be exhaustively pursued, however, because, * * * the Alabama Court of Appeals has not read § 1142 literally, but has given to it an explicitly narrowed construction. The ordinance, that court has ruled, 'is directed at obstructing the free passage over, on or along a street or sidewalk by the manner in which a person accused stands, loiters or walks thereupon. Our decisions make it clear that the mere refusal to move on after a police officer's requesting that a person standing or loitering should do so is not enough

15. Montgomery City Code Ch. 20, § 39. See note 2, supra.

16. Montgomery City Code Ch. 20, § 59. See note 2, supra.

to support the offense. * * *' Middlebrooks v. City of Birmingham, 42 Ala.App. 525, 527, 170 So.2d 424, 426.

" * * * As so construed, we cannot say that the ordinance is unconstitutional though it requires no great feat of imagination to envisage situations in which such an ordinance might be unconstitutionally applied.

* * * * * *

" * * * § 1231 of the General City Code, * * * makes it a criminal offense for any person 'to refuse or fail to comply with any lawful order, signal or direction of a police officer.' Like the provisions of § 1142 discussed above, the literal terms of this ordinance are so broad as to evoke constitutional doubts of the utmost gravity. But the Alabama Court of Appeals has confined this ordinance to a relatively narrow scope. * * * "

See also United States v. Jones, 2 Cir., 1966, 365 F.2d 675, 677–678. Thus, we find that the Montgomery ordinances herein attacked as being unconstitutional on their face are unambiguous and within the permissible ambit of state regulatory power, and thus, as construed by the Alabama courts, they are constitutional. While the freedom to protest and to assemble peaceably are vital to the maintenance of democracy and effective government, " * * * the exercise of this freedom will be protected and encouraged and may not be diminished [only] so long as the form of its exercise does not involve action which violates laws prescribed to protect others in their peaceful pursuits * * * ." Fortas, Concerning Dissent and Civil Disobedience, p. 25 (1968).

### III.

■ In view of the Supreme Court's decisions in Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391 (1967), and Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335 (1968), we treat the question of injunctive relief separately from that of declaratory relief for facial unconstitutionali-

ty. See also Harris v. Younger, C.D.Cal., 1968, 281 F.Supp. 507 (three-judge court); Shaw v. Garrison, E.D.La., 1968, 293 F.Supp. 937 (three-judge court) (per curiam), affirmed, 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392 (1968). We begin with the well-established principle that "A federal court is always reluctant to interfere with state criminal proceedings, because of statutory restraints [citing, inter alia, 28 U.S.C. § 2283] and because of respect for the doctrine of comity." United States v. McLeod, 5 Cir., 1967, 385 F.2d 734, 745. See also Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 1339 (1968); Douglas v. City of Jeannette, 319 U.S. 157, 162–164, 63 S.Ct. 877, 880–881 (1943); Wilson v. Schnettler, 365 U.S. 381, 385–386, 81 S. Ct. 632, 635–636, 5 L.Ed.2d 620 (1961); Stefanelli v. Minard, 342 U.S. 117, 120–121, 72 S.Ct. 118, 120 (1951); Zwickler v. Koota, 389 U.S. 241, 253, 88 S.Ct. 391, 398 (1967); Harris v. Younger, C.D.Cal., 1968, 281 F.Supp. 507, 510 (three-judge court); Shaw v. Garrison, supra; Marshall, Federalism and Civil Rights (1964); Hart and Wechsler, The Federal Courts and the Federal System, pp. 862–864 (1953). However, in Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116 (1965), the Supreme Court, finding "special circumstances," carved out a limited exception to this general principle of comity, and enjoined a state court prosecution:

"We found such 'special circumstances' in Dombrowski. The prosecutions there begun and threatened were not, as here, for violation of a statute narrowly regulating conduct which is intertwined with expression, but for alleged violations of various sections of excessively broad Louisiana statutes regulating expression itself * * *. In that context, we held that a case of 'the threat of irreparable injury required by traditional doctrines of equity' was made out. 380 U.S., at 490, 85 S.Ct., at 1123. * * * "In short, we viewed Dombrowski to be a case presenting a situation of the 'impro-

priety of [state officials] invoking the statute in bad faith to impose continuing harassment in order to discourage appellants' activities * * *.' 380 U. S., at 490, 85 S.Ct., at 1123."

Cameron v. Johnson, 390 U.S. 611, 618–619, 88 S.Ct. 1335, 1339–1340 (1968). In essence, the Court in *Dombrowski* found that the state prosecution itself, regardless of the prospects for its success, had a "chilling effect upon the exercise of First Amendment rights," and thus that an injunction was necessary to preserve those vital rights. Dombrowski v. Pfister, 380 U.S. 479, 487, 85 S.Ct. 1116, 1121 (1965). See Shaw v. Garrison, E.D.La., 1968, 293 F.Supp. 937 [Civil Action No. 68–1063, July 23] (three-judge court) (per curiam), affirmed, 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392 (1968); Devine v. Wood, M.D.Ala., 1968, 286 F.Supp. 102, 106–107 (three-judge court (per curiam).

■ Having found the ordinances herein attacked by appellants constitutional on their face, the only remaining source of a "chilling" effect of First Amendment rights would necessarily lie in the application of those ordinances to the appellants. Cameron v. Johnson, 390 U.S. 611, 619–620, 88 S.Ct. 1335, 1340 (1968). See also Shaw v. Garrison, supra; Devine v. Wood, supra; Brooks v. Briley, M.D.Tenn., 1967, 274 F.Supp. 538 (three-judge court). However, this approach is precluded by our prior decision in Forman v. City of Montgomery, M.D.Ala., 1965, 245 F.Supp. 17, affirmed, 5 Cir., 1966, 355 F.2d 930, cert. denied, 384 U.S. 1009, 86 S.Ct. 1983 (1966). As the learned District Judge stated:

" * * * the finding of this Court in *Forman*, supra, as to the conduct of the plaintiffs is pertinent:

" 'It is clearly demonstrated from the evidence * * * that the officials of the City of Montgomery and the State of Alabama, by arresting and prosecuting the petitioners in these cases, were not acting under pretense of preserving segregation and were not acting under any pretense for the purpose of harassing and punishing citizens for the exercise of their constitutional rights * * *. To the contrary, these governmental officials were discharging their duty and responsibility to keep the streets and sidewalks open and reasonably available for normal use. * * *

* * * * * *

" '[T]he conduct of the petitioners was illegal.'

" * * * *If any of the plaintiffs' activities have been 'chilled' by the ordinances in question, these are the types of unlawful activities that society, through its duly constituted authorities, has a right to 'chill.'* (Emphasis added.)

* * * * * *

" * * * Deterrence of that which society has a right to prevent has always been, and I trust always will be, recognized as a legitimate function of city, state and federal penal statutes." Wright v. City of Montgomery, Alabama, M.D.Ala., 1968, 282 F.Supp. 291, 296, 297. See also Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335 (1968); Brooks v. Briley, M.D.Tenn., 1967, 274 F.Supp. 538 (three-judge court); Devine v. Wood, M.D.Ala., 1968, 286 F.Supp. 102 (three-judge court) (per curiam). Thus, we conclude that the lower court properly refused to grant injunctive and declaratory relief.

Affirmed.