**Richard ARONSON et al., Plaintiffs-Appellants,**

v.

**Joseph GIARRUSSO et al., Defendants-Appellees.**

No. 29462.

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1971.

Rehearing Denied Feb. 16, 1971.

George M. Strickler, Jr., New Orleans, La., Richard B. Sobol, Washington, D. C., for plaintiffs-appellants; Melvin Wulf, New York City, of counsel.

Alvin J. Liska, City Atty., Joseph J. Laura, Jr., Philip S. Brooks, Asst. City Attys., New Orleans, La., Blake G. Arata, City Atty., City of New Orleans, New Orleans, La., for defendants-appellees.

Before RIVES, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

The appellants, plaintiffs below, are four private citizens who attempt to maintain this action on their own behalf and on behalf of "participants, potential participants, speakers and potential speakers at all meetings, rallies, demonstrations and vigils in the City of New Orleans, Louisiana, at which unpopular or dissenting opinions or views are expressed or represented." Two additional citizens were granted leave to intervene as plaintiffs. The defendants are the Chief of Police of the City of New Orleans and the Chief of the Intelligence Division of the New Orleans Police Department. The plaintiffs seek to enjoin the defendants from photographing participants and onlookers at civil rights, anti-war, anti-draft and other demonstrations at which controversial views are expressed. After the plaintiffs had completed the presentation of their evidence, the defendants made a motion which the district court accepted as a motion for dismissal on the ground that upon the facts and the law the plaintiffs had shown no right to relief under Rule 41(b), Fed.R.Civ.P. After considering briefs of the parties, the district court granted the defendants' motion and dismissed the plaintiffs' action at their costs upon the following findings and conclusions:

"1.

"None of the plaintiffs or those who intervened on behalf of the plaintiffs testified.

"2.

"The plaintiffs' case consisted of other persons allegedly members of the class the plaintiff seeks to represent.

"3.

"The demonstrations at which pictures were taken include about seven demonstrations, none of which were particularly large.

"4.

"All of the witnesses uniformly testified that the police photographers were polite, in fact cordial, and did not in any way abuse, insult or harass any demonstrator in the exercise of their expression.

"5.

"The sole contention is that the mere fact of photographing caused displeasure.

"6.

"The defendants showed that pictorial evidence of the participants in particular and the demonstration in general was secured with the least amount of interference by the use of plain clothes police photographers and, when feasible, by stationing the photographers in automobiles a fair distance away from the demonstrations.

"7.

"The state police authority has a rightful interest in the protection of life and property of all citizens. The right of freedom of expression is not absolute but subject to reasonable regulation. Wright v. City of Montgomery [5 Cir.], 406 F.2d 867 (1969).

"8.

"The police activity here of photographing persons at demonstrations appears reasonably relevant to the rightful interest of the state police authority to protect the life and property of all citizens.

"9.

"The means and manner used by the defendants in photographing demonstrations did not cause any unreasonable interference with the rights of private persons to demonstrate when balanced with the competing public interest of protection of life and property of all citizens."

We agree that the plaintiffs' evidence is not adequate to call for the requested decision of grave constitutional questions. The necessity for any such decision has not been demonstrated. If it ever becomes necessary to decide those questions, there is more than a reasonable likelihood that a full record including the production of more complete evidence will make the answers to the questions clearer. Compare Borden's Farm Products Co. v. Baldwin, 1934, 293 U.S. 194, 213, 55 S.Ct. 187, 193, 79 L.Ed. 281; Polk Co. v. Glover, 1938, 305 U.S. 5, 10, 59 S.Ct. 15, 83 L.Ed. 6; United States v. Petrillo, 1947, 332 U.S. 1, 6, 67 S.Ct. 1538, 91 L.Ed. 1877.

By way of precaution, however, and in the light of the provisions of Rule 41(b), Fed.R.Civ.P., the judgment of dismissal is modified so as to provide that it does not operate as an adjudication on the merits as against any class,[1] but only as against the named plaintiffs and the two intervenors and against them only as to events which had occurred prior to the rendition of the judgment.

Modified and affirmed.

---

1. There is some question as to whether either the complaint or the evidence adequately defines a clearly ascertainable class. See DeBremaecker v. Short, 5 Cir. 1970, 433 F.2d 733.