The **POSTER EXCHANGE, INC.,**
Plaintiff,

v.

**NATIONAL SCREEN SERVICE CORPORATION et al., Defendants.**

Civ. A. No. 7665.

United States District Court
N. D. Georgia,
Atlanta Division.
July 2, 1963.

See also D.C., 198 F.Supp. 557.

Francis T. Anderson, Philadelphia, Pa., for plaintiff.

Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant.

MORGAN, District Judge.

On June 7, 1963, the motion picture distributor defendants, Paramount Film Distributing Corporation, Metro-Goldwyn-Mayer, Inc., Twentieth Century-Fox Film Corporation, United Artists Corporation, and Warner Bros. Pictures Distributing Corporation, joining together for the purpose of a motion, filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, asking that this Court dismiss the action instituted by the plaintiff under Sections 1 and 2 of the Sherman Act (15 U.S.C., §§ 1 and 2) on the ground that there is no genuine issue as to any material fact, and that these defendants are entitled to a judgment in their favor as a matter of law.

The movants in this case hold copyrights in respect to motion pictures produced and distributed by them and have licensed National Screen to produce and distribute advertising accessories pertaining to those pictures. In the amended complaint filed by the plaintiff some two years after the filing of the original complaint, it is alleged that the movants have conspired with National Screen to monopolize the business of distributing standard motion picture accessories in the United States. ·

Substantially the same charge as is here made was made in the case of Lawlor v. National Screen Service Corporation, 3 Cir., 270 F.2d 146, cert. den. 362 U.S. 922, 80 S.Ct. 676, 4 L.Ed.2d 742, in which the instant defendants, United Artists Corporation and Paramount Film Distributing Corporation, were also defendants. It seems to this Court that this Lawlor case is particularly significant in that the Third Circuit reviewed the historical origin of the motion picture distributor's relationship with National Screen and found absolutely no evidence of conspiracy. That opinion states that, commencing around 1939, the motion picture distributors severally determined that it was uneconomic to produce and distribute their own accessories. For that reason, each entered into a separate agreement with National Screen for that purpose. In so doing, each acted individually and without reference to the others. The Court stated, in respect to the relationship between the motion picture producers and National Screen:

"* * * They [the distributors] contracted with National Screen because no comparable firm was available to undertake the task. The most that can be gleaned from the factual pattern is that the business climate affected each of the film companies in a substantially similar way and they individually decided to extricate themselves from a losing proposition."

Also strongly significant, in that it constitutes persuasive authority in this case, is the decision rendered by Judge Luongo in Vogelstein v. National Screen Service Corporation, D.C., 204 F.Supp. 591, in which the Court granted a summary judgment to the defendants sued therein in an action substantially similar to the case at bar. Because of a stipulation between the parties that any decision in Lawlor as to the existence of a conspiracy or monopoly would be dispositive of the conspiracy and monopoly questions in the other cases, the earlier claim by Vogelstein had been dismissed. Vo-

gelstein, however, filed a further complaint in respect to the period of time subsequent to June 31, 1957, alleging a conspiracy between National Screen and the motion picture distributors, and, by amendment, alleged as a fact indicative of the conspiracy the refusal by National Screen on May 16, 1961, with the knowledge of the motion picture distributors, to deal further with him. The defendant's motion for summary judgment was granted, with Judge Luongo, in the Vogelstein case, making the following statements concerning the Lawlor case:

> "It is true that the judgment in favor of defendants in Lawlor is supported not only by the findings that there was no unlawful monopoly or conspiracy, but on other findings as well, e. g., the Court found that plaintiffs in Lawlor had failed to show any harm. Those other findings in no way lessen the effect of the findings on the monopoly and conspiracy issues. The resolution of those issues depended not upon findings based on the circumstances of any one dealer, but instead involved the nationwide development and practices of an industry. Either defendants had conspired to monopolize the poster business or they hadn't; either defendants monopolized the poster business or they didn't. The determination of those issues was not, as we regard it, dependant upon circumstances peculiar to Lawlor, Vogelstein or any other poster-dealer."

Therefore, it seems to be clear to this Court that the Lawlor findings as to conspiracy and monopoly were not limited to any particular plaintiff or locale, but were nationwide in scope.

Mr. Anderson, the attorney for the plaintiff, The Poster Exchange, Inc., admitted, in open court, recently when the Court heard arguments on this motion for summary judgment that he was relying on the same evidence in this case in an attempt to establish conspiracy as he was relying upon in the Lawlor case. Inasmuch as there is sound judicial authority denying the introduction and involvement of these movants in a conspiracy trial, this Court is persuaded and inclined to accept that determination as final. Repeated and protracted litigation involving the same questions and issues previously tried will serve no useful purpose as there must eventually be an end to litigation.

Consequently, it is the belief of this Court that the motion for summary judgment filed by the motion picture distributor defendants should be granted as there appears to be no genuine issue of fact involved herein.

As the motion for summary judgment has been granted, it will be unnecessary for the Court to pass on the requests for admissions and interrogatories heretofore propounded by the plaintiff.

It is so ordered.