**John V. HOLMES et al., Plaintiffs,**

**v.**

**UNITED STATES of America et al., Defendants.**

**Civ. A. No. 8693.**

United States District Court
N. D. Georgia,
Atlanta Division.

June 30, 1964.

John V. Holmes and Durward E. Willis, Atlanta, Ga., for plaintiff.

Philip P. Loomis, Jr., General Counsel, Walter P. North, Associate General Counsel, Securities & Exchange Commission, Washington, D. C., Gus L. Wood, Asst. U. S. Atty., Atlanta, Ga., for defendant.

972

MORGAN, District Judge.

Certain defendants in the above-styled case on May 12, 1964, filed a motion to dismiss the complaint of the plaintiffs pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and on the same date filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure upon the grounds that there is no genuine issue as to any material fact in the action insofar as these particular defendants are concerned, and that they are therefore entitled to a judgment as a matter of law.

The plaintiffs' action herein arises out of an investigation by the Commission to determine whether the registration and antifraud provisions of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., have been violated by the plaintiffs Holmes and Willis and certain others, including some of the corporate plaintiffs. Following the investigation, the Securities and Exchange Commission began an enforcement action in the United States District Court for the Western District of Oklahoma against twenty-six defendants, including Holmes and Willis. In granting the injunction sought by the Commission against the plaintiffs, the Court found, inter alia, that sales literature prepared by Holmes and Willis to be used in the distribution of the common stock of Hydramotive Corporation was false and highly misleading in stating that: (1) the car to be manufactured and sold would be repair free; (2) the retail price of the autos would be as low as $1200.00; (3) that models of the car were in production; (4) that the Solo Tire was more enduring and safe than others; and (5) that Willis held mechanical and electrical engineering degrees from Columbia University and was a prominent mechanical and electrical engineer. The Court further found that the literature was false and misleading in failing to state that (1) there was only one unfinished prototype of a Hydramotive car located in California; (2) that the company did not have sufficient funds to produce any models; and (3) that Willis had a criminal record for mail fraud and confidence game.

The plaintiffs Holmes and Hydramotive Manufacturing Corporation brought an action for injunction and damages against the Commission, its chairman and several employees, and a broker-dealer firm and one of its employees for alleged injuries purportedly sustained in the conduct of the Commission's investigation. The gravamen of the complaint was that the Securities and Exchange Commission defendants had conspired to circulate and have circulated publicly "harmful falsehood" which constituted "an attractive public nuisance" to the detriment of the plaintiffs.

On October 15, 1963, Chief Judge J. B. Craven of the United States District Court for the Western District of North Carolina granted a summary judgment for the defendants, finding that "the alleged misconduct of the defendants consisted wholly of acts done within the scope and course of carrying out their official duties and was not of such a nature as to render them liable for civil suit, but was privileged and cloaked with immunity".

Some other litigation was also pressed by the plaintiffs herein, none of which has resulted in a ruling in their favor.

In the opinion of this Court, plaintiffs here are attempting to relitigate issues which have already been or which could have been litigated in the prior actions which are spoken of above. To prevent additional repetitive litigation with what seems to be continuing harassment of the defendants and to accomplish finality of litigation, this Court hereby takes judicial notice of these prior proceedings and applies the rule of res judicata to the complaint herein. 6 Moore's Federal Practice, § 65.11, Pages 2084, 2085.

When a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are

thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898.

■ These plaintiffs and these defendants were all parties to the prior litigation which has been mentioned or are in privity with the parties to this case. Therefore, this Court has within its power the discretion of applying the rule of res judicata.

For the benefit of counsel, this same doctrine was employed by this Court in the case of Poster Exchange, Inc. v. National Screen Service Corporation, 35 F.R.D. 558 and the attention of counsel is invited to this decision which can be found in the records of this Court.

Accordingly, the motion for summary judgment filed by the defendants is granted.

It is so ordered.