Mary L. COOK et al., Plaintiffs,

v.

Patricia Roberts HARRIS,[1] Defendant.

Civ. A. No. C76–180A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 21, 1979.

---

1. Patricia Roberts Harris has succeeded Joseph A. Califano, Jr., as Secretary of the Department of Health, Education and Welfare and is substituted as defendant in this action pursuant to Fed.R.Civ.P. 25(d).

Robert A. Payne and E. Michael Sloman, Gainesville, Ga., Wayne M. Pressel, W. David Arnold and John L. Cromartie, Jr., Atlanta, Ga., for plaintiffs.

Robert J. Castellani, Asst. U. S. Atty., Atlanta, Ga., for defendant.

### ORDER

SHOOB, District Judge.

On November 11, 1976, by order of Judge Newell Edenfield, a stay was entered in this case pending a final ruling on similar cases then on appeal before the Third and Ninth Circuit Courts of Appeal. Certiorari was granted in the Ninth Circuit consolidated

cases, *sub nom. Elliott v. Weinberger*, 564 F.2d 1219 (9th Cir. 1977), and the unanimous opinion of the Supreme Court was delivered on June 20, of this year *sub nom. Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176. Subsequently, on August 22, 1979, this case was transferred to this Court. Both parties have now moved this Court for summary judgment based upon the *Yamasaki* case, and the stay ordered by Judge Edenfield is hereby LIFTED.

## BACKGROUND

Plaintiffs in this class action seek declaratory and injunctive relief from defendant with regard to the procedure used to recoup overpayments of benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (Federal Old-Age, Survivors, and Disability Insurance Benefits). Aside from the prayers that defendant's recoupment procedures be declared (for a variety of reasons) unlawful, the primary relief requested is that the Court

> [e]nter an order in the nature of mandamus preliminarily and permanently enjoining defendant, his successors in office, agents, employees and all other persons with him from recouping alleged overpayments by suspending, reducing or terminating the benefits of Plaintiff and all others similarly situated pursuant to 20 C.F.R. § 404.501 *et seq.* without first providing them with advance notice as to a) the reason for the overpayment and recoupment action, b) apprising them that they have a right to reconsideration or waiver of the Secretary's initial overpayments and recoupment determination, including an oral hearing which complies with all requirements of due process of law, and c) that recoupment will not begin until their request has been finally disposed of by way of the required review procedure.

Plaintiff's Complaint at p. 11, prayer for relief ¶ 2.

In her complaint, plaintiff Cook also requested that the action be certified as a class action under Fed.R.Civ.P. 23. She formally moved that the Court certify a class of "all persons in the State of Georgia who are or who will be receiving benefits under Title II of the Social Security Act, and who have or who will have alleged overpayments made to them." Plaintiff's Motion for Certification of Class at p. 1, § 1. By order of Judge Newell Edenfield dated June 30, 1976, this action was tentatively certified as a class action under Fed.R. Civ.P. 23(b)(2), the court finding that the four prerequisites of Fed.R.Civ.P. 23(a) were met and that defendant "has acted or refused to act on grounds generally applicable to the class."

The recoupment procedures at issue, which plaintiff class contends must provide for a prior oral hearing, are based upon 42 U.S.C. § 404(a)(1) and (b). In pertinent part, the statute provides:

404. Overpayments and underpayments

(a) Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this title, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary, as follows:

> (1) With respect to payment to a person of more than the correct amount, the Secretary shall decrease any payment under this title to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this title payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall apply any combination of the foregoing. . . .

(b) In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this title or would be against equity and good conscience.

These same provisions were at issue in the case of *Califano v. Yamasaki, supra,* and it was because of the substantial similarity of legal issues[2] that a stay was entered in order to have the benefit of the Supreme Court's discussion and holdings on the issues. As to questions of both jurisdiction and substantive law, *Califano v. Yamasaki* is dispositive. It is now proper for this Court to consider and decide the parties' motions for summary judgment and defendant's motion to dismiss for lack of subject matter jurisdiction, motion to strike and motion in opposition to Judge Edenfield's order of November 11, 1976, allowing plaintiff to amend the complaint. Consideration of defendant's motions was deferred by Judge Edenfield pending the Supreme Court's decision in *Califano v. Yamasaki.*

## JURISDICTION

In an order dated March 22, 1977, Judge Edenfield, while deferring a ruling on defendant's motion to dismiss for lack of subject matter jurisdiction, indicated that the only possible basis for subject matter jurisdiction in this case is 42 U.S.C. § 405(g). That jurisdictional basis has not been specifically pled, and Judge Edenfield indicated that there existed a substantial question as to whether or not plaintiff class had complied with the jurisdictional requirements of § 405(g), as discussed in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522, and *Eldridge v. Mathews,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. Order, p. 3. *Yamasaki* sheds more light on the § 405(g) requirements.

■  While there is no presumption that a federal court has subject matter jurisdiction in a particular case, *Wright and Miller,*

*Federal Practice and Procedure* § 1206, p. 75 (1969), it is not fatal to a claim that plaintiff fail to plead the correct jurisdictional basis. "[T]he court may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming jurisdiction  .  .  .," *Wright and Miller, supra,* § 1206, p. 77. *See also Paynes v. Lee,* 377 F.2d 61 (5th Cir. 1967) ("The appellant contends and the appellee concedes that Federal jurisdiction may be sustained if granted by a Federal statute even though such statute is not pleaded or relied upon in the district court."). Thus, if from the entire complaint it appears that the jurisdictional prerequisites under § 405(g) are met, this Court may properly exercise the power to decide this case.

■  Section 405(g) provides, in pertinent part:

(g) *Judicial review.* Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides,  .   .   .

Two of the jurisdictional requirements are clearly met: first, named plaintiff Cook was at the time of filing a resident of Cumming, Georgia, which is within the Northern District of Georgia. Second, a notice from the Secretary dated December 18, 1975 informed plaintiff Cook that re-

---

2.  The Supreme Court, Blackmun, J., in a unanimous decision (Powell, J., absent) introduced the case and stated the issues as follows:

Petitioner, the Secretary of the Department of Health, Education, and Welfare (HEW), has determined that respondents, beneficiaries under the Social Security Act, have been overpaid. He seeks to recoup these overpayments by withholding future benefits to which respondents would otherwise be entitled. Respondents in turn have requested reconsideration or waiver of recoupment un-

der § 204 of the Act, 42 U.S.C. § 404. The primary questions in this case are whether petitioner must grant respondents the opportunity for an oral hearing before recoupment begins, and whether jurisdiction under § 205(g) of the Act, 42 U.S.C. § 405(g), permits a federal district court to certify a nationwide class and grant injunctive relief. *Califano v. Yamasaki,* 442 U.S. 682 at 684, 99 S.Ct. 2545 at 2549, 61 L.Ed.2d 176 at 182 (1979).

coupment would proceed with her next check; within sixty days, on January 29, 1976, this action was brought. As to the third and final jurisdictional requirement, that there be a final decision by the Secretary after a hearing, *Elliott v. Weinberger,* 564 F.2d 1219 (9th Cir. 1977), affirmed in part and reversed in part *sub nom. Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), is controlling. Named plaintiff Cook in the instant action fell within subclass two of *Elliott (Yamasaki)* before the Secretary waived recoupment, *Elliott v. Weinberger, supra,* at 1224; named plaintiff Reno falls within subclass one of *Elliott,* the reason on the form letter being "divorce," *Elliott, supra,* at 1224. In a footnote, the Ninth Circuit stated "[w]e note that § 405(g) jurisdiction is also available for named plaintiffs." *Elliott* at 1225, n. 8a. The Court of Appeals, however, "expressed doubts about the availability of full relief under § 405(g), . . ." Nevertheless, the Supreme Court upheld jurisdiction under § 405(g), and found that "nothing in [§ 405(g)] prohibits the pre-recoupment hearing relief awarded in this case . ." *Califano v. Yamasaki, supra,* 442 U.S. 682 at 698, 99 S.Ct. 2545 at 2556, 61 L.Ed.2d 176 at 190. Thus it appears from a reading of the complaint that the venue and timeliness requirements for § 405(g) jurisdiction are met; and from a reading of the *Yamasaki* case it appears that the finality requirement has been met due to the substantial similarity between the plaintiffs there and the plaintiffs here.

## THE CLASS

█ Having now determined that the Court has subject matter jurisdiction of this action pursuant to § 405(g), the Court must determine *first,* the size of the class certified in this case; *second,* the size of the class certified and granted relief in *Califano v. Yamasaki*; and *third,* the relationship between the class here and the *Yamasaki* class. It should be noted at the outset that the fact that a class as *originally* certified is too broad, and includes some individuals

who fail to meet the jurisdictional prerequisites of § 405(g), is no basis for objection when the relief finally granted by the court is restricted to proper class members. *Yamasaki, supra,* 442 U.S. at 704, 99 S.Ct. at 2559, 61 L.Ed.2d at 194.

1. Plaintiff's motion to certify the class requested that the class consist "of all persons in the State of Georgia who are or who will be receiving benefits under Title II of the Social Security Act, and who have or who will have alleged overpayments made to them." This was the class tentatively certified by Judge Edenfield on June 30, 1976. The class is too large. It would include those to whom overpayments are made and never discovered or never recouped by defendant. As for those members, relief for defendant would be more proper.

The class as certified also includes those to whom overpayments are made and from whom recoupment is made without protest from the recipient. Relief not requested ought not to be granted. The Supreme Court in *Yamasaki* said that the certified class was too broad in that it "included persons who had not filed requests for reconsideration or waiver in the past and would not do so in the future. As to them, no 'final decision' concerning the right to a pre-recoupment hearing has been or will be made." *Yamasaki, supra,* 442 U.S. at 704, 99 S.Ct. at 2559, 61 L.Ed.2d at 194. A "final decision" by the Secretary is one of the jurisdictional prerequisites of § 405(g).

█ In order then to confine this class to those members requesting relief who meet the § 405(g) jurisdictional requirements, this Court must recertify the class. Based upon Judge Edenfield's findings of June 30, 1976,[3] this Court now certifies a class consisting of all persons in the State of Georgia who are or who will be receiving benefits under Title II of the Social Security Act, who have received or will receive overpayments, from whom recoupment is or will be attempted by the Secretary, and who have filed or will file a request for reconsideration (§ 404(a)(1)) or waiver (§ 404(b)).

---

3. See page 2 of this order, *supra.*

2. The Supreme Court decision in *Yamasaki* was a review of two cases consolidated by the Ninth Circuit Court of Appeals for the purpose of review. It was in *Buffington v. Weinberger*, (W.D.Wash.), unreported, that a nationwide class was certified by District Judge Morell E. Sharp, Jr. The Ninth Circuit, Spencer Williams, District J., sitting by designation, stated the class to be "a nation-wide class of persons eligible for social security old-age and survivors' benefits under 42 U.S.C. § 402 'whose benefits have been or will be reduced or otherwise adjusted without prior notice and opportunity for a hearing.'" *Elliott v. Weinberger*, 564 F.2d 1219, 1228 (9th Cir. 1977). As stated above, this certified nationwide class was larger than the class actually granted relief. Only those who had filed a request for reconsideration and/or waiver met the § 405(g) jurisdictional requirement of a "final decision." The Secretary did not appeal the Ninth Circuit's holding that the notice of recoupment was constitutionally defective. *Yamasaki, supra*, 442 U.S. at 695–697, 99 S.Ct. at 2555, 61 L.Ed.2d at 189.

3. It appears that the characteristics of the nationwide class are the same as those of the class certified here:

a) present and future recipients of Title II benefits;

b) who have been or will be overpaid;

c) from whom the Secretary has attempted or will attempt recoupment; and

d) who have filed or will file a request for reconsideration or waiver.

It appears from the pleadings in this case that Judge Edenfield and plaintiff believed the certified class in this case to be a part of the nationwide class certified in *Buffington*. However, in *Elliott v. Weinberger*, the Ninth Circuit stated that the district court in *Buffington* "excepted from the class residents of Hawaii and the Eastern District of Pennsylvania and those individuals involved in other litigation challenging the Secretary's procedures in recouping benefits without prior notice and hearing." *Elliott v. Weinberger, supra*, at 1228. This seems to raise some doubt as to whether the class

here was part of the nationwide class. However, the Supreme Court in *Yamasaki* stated those excluded (other than residents of Hawaii and the Eastern District of Pennsylvania) to be "all persons who had participated as plaintiffs or members of a plaintiff class in litigation against the Secretary on similar issues, *if a decision on the merits previously had been rendered.*" *Yamasaki*, 442 U.S. at 689, 99 S.Ct. at 2551, 61 L.Ed.2d at 185 (emphasis added). As no decision on the merits has been rendered, it is clear that the class in this case is a part of the *Buffington* class.

It should also be noted, for the purposes of the next section of this order, DISPOSITION: RES JUDICATA, that both the *Buffington* class and the instant class were certified pursuant to Fed.R.Civ.P. 23(b)(2), making the classes parties to "true" class actions ("the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole"), *Elliott v. Weinberger, supra*, at 1228, Order of Judge Edenfield, June 30, 1976, at p. 6.

### DISPOSITION: RES JUDICATA

Both parties to this action have moved this Court for a summary judgment in their favor. The parties agree that there remain no genuine issues of material fact and that the *Yamasaki* decision is dispositive. Both sides contend that *Yamasaki* provides the basis for judgment on the merits in their favor. The Court has been thoroughly briefed on the impact of that case and this action is now ripe for disposition on the pending cross-motions for summary judgment.

Fed.R.Civ.P. 8(c) requires that the doctrine of res judicata be affirmatively set forth. Ordinarily, this defense is raised by the pleadings. However, "[t]he defense of res judicata may also be raised by motion in situations where it is not possible to interpose the defense during the pleadings." 1B *Moore's Federal Practice*, ¶ 0.408 at p. 952. *See also Hart Steel Co. v. Railroad Supply*

*Co.*, 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148 (1917). Res judicata could not have been raised in the instant action until *Yamasaki*, the case for which this case was stayed, had been decided.

■ Defendant Secretary in her brief never explicitly uses the term, "res judicata." However, defendant's brief in support of the motion for summary judgment contains the following argument:

> Finally, the plaintiff's Fourth Cause of Action alleges that plaintiff is a member of the nationwide *Buffington* class addressed in *Yamasaki*. Accordingly, the Supreme Court's ruling is binding not only on Mary Cook but on all members of the class at bar who are also members of the *Buffington* nationwide class.

Defendant's Brief in Support of Motion for Summary Judgment, at p. 3. While it is true that most of defendant's argument centers on the meaning of the various Supreme Court holdings in *Yamasaki*, the quotation above is the essence of a res judicata defense: an earlier judgment between the same parties on the same cause of action binds the parties here. The fact that the words "res judicata" were not specifically used is of little importance under a system of procedural rules where the guiding principle is that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

In order to put into practice the worthy policies underlying the doctrine of res judicata, one federal trial court has taken judicial notice of prior litigation to which it then applied the doctrine of res judicata in granting defendants' motion for summary judgment, *Holmes v. United States*, 231 F.Supp. 971 (N.D.Ga.1964, Morgan, J.), aff'd, 353 F.2d 785 (5th Cir. 1965). Moreover, a federal appellate court has held on its own motion that a former judgment was res judicata, *Wilson v. United States*, 166 F.2d 527 (8th Cir. 1948), cited at 1B *Moore's Federal Practice* ¶ 0.408 at p. 953, n.5; another federal appellate court has found that res judicata asserted in a motion to dismiss well after the pleadings were filed was adequately pled when the facts upon which the plea was based appeared on the face of the complaint, and plaintiff made no objection to the manner in which the defense was raised, *Iacaponi v. New Amsterdam Casualty Company*, 379 F.2d 311 (3d Cir. 1967), *cert. denied*, 389 U.S. 1054, 88 S.Ct. 802, 19 L.Ed.2d 849 (1968).

Despite the failure of defendant to use the words, "res judicata," this Court finds it to have been sufficiently pled. *See Barnwell & Hays, Inc., v. Sloan*, 564 F.2d 254, 255 (8th Cir. 1977) ("failure to use this specific terminology ['waiver'], however, does not necessarily mean that the answer did not raise the affirmative defense. . . To hold [otherwise] would impose a requirement of undue formalism which is inconsistent with [the] liberal purpose [of the Federal Rules].") and *Beall v. Kearney & Trecker Corp.*, 350 F.Supp. 978 (D.Maryland 1972) (technical failure to plead res judicata overlooked). *See also Southern Pacific Railroad Co. v. United States*, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355 (1897), in which a former judgment, which was admitted into evidence but not specially pled, was held "conclusive of the matters put in issue and actually determined by it," at 168 U.S. 60, 18 S.Ct. at 31, 42 L.Ed. at 380. In the instant action, the judgment upon which the defense is based has been made part of the record.

■ Having established that the class here is a sub-class of the *Buffington* nationwide class, that *Califano v. Yamasaki* is part of the record, that res judicata has been adequately pled, and that the *Buffington* class was certified pursuant to Fed.R. Civ.P. 23(b)(2), the Court need only apply res judicata principles to dispose of this case. Fed.R.Civ.P. 23(c)(3) provides that "[t]he judgment in an action . . . under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class." This Court has described above the identical characteristics of the *Buffington* nationwide class and the *Cook* statewide class. All class members in this case were members of the class whose rights were finally determined in *Yamasaki*,

**286**

and the cause of action is the same for both the *Buffington* class and the *Cook* sub-class. Res judicata bars the class here from re-litigating the issues determined in the 23(b)(2) "true" class action, *Califano v. Yamasaki.* *See Supreme Tribe of Ben-Hur·v. Cauble,* 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921).

Since the judgment on which the res judicata defense is based was contested by the parties all the way up to the Supreme Court, there is no due process problem here of adequate representation of the class in the earlier suit. *See Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

The question of whether the plaintiff's complaint should be dismissed or whether summary judgment should be entered in defendant's favor seems to depend upon the posture of the case when the defense of res judicata based upon a class action judgment is asserted, although the cases are inconsistent. *See In re Antibiotic Antitrust Actions,* 333 F.Supp. 296 (S.D.N.Y.1971) (dismissal) and *Watts v. Veneman,* 155 U.S.App.D.C. 84, 87, 476 F.2d 529, 532 (D.C.Ct.App.1973) (summary judgment for defendant reversed in pertinent part and remanded with directions that the cause of action be dismissed; plaintiffs being members of a class for whom relief had been granted, "neither this court nor the court below can grant any further relief.") *But see Holmes v. United States,* 231 F.Supp. 971 (N.D.Ga. 1964) (motion for summary judgment granted on the basis that res judicata applied). In either case the result is the same: a final decision in favor of defendant.

### CONCLUSION

To summarize: the stay in this case is LIFTED; the Court finds that the *Yamasaki* case is dispositive, and that subject matter jurisdiction in this action exists under 42 U.S.C. § 405(g); the Court RECERTIFIES the class so that each member complies with the § 405(g) jurisdictional prerequisites; and the Court finds that res judicata has been pled by defendant and that the *Yamasaki* case bars further litigation in this action, since plaintiff class has by that deci-

sion been granted all relief to which it is entitled. Defendant's motion for summary judgment is GRANTED.